COMMONWEALTH of Pennsylvania,
Appellee

v.

Robert OUSLEY, Appellant.

Superior Court of Pennsylvania.

Submitted March 13, 2011.
Filed May 13, 2011.

Charles R. Pass, III, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., LAZARUS and PLATT *, JJ.

* Retired Senior Judge assigned to the Superior Court.

OPINION BY STEVENS, P.J.:

This is an appeal from the order entered in the Court of Common Pleas of Allegheny County denying Appellant's petition filed under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–46. Appellant contends (1) his conviction for aggravated assault merged with his conviction for robbery for sentencing purposes; (2) guilty plea/sentencing counsel was ineffective in failing to consult with Appellant regarding the filing of a post-sentence motion and/or direct appeal in order to raise Appellant's legality of sentencing claim; (3) PCRA counsel was ineffective in failing to raise in his no-merit letter Appellant's first and second issues; and (4) the PCRA court's notice of its intention to dismiss pursuant to Pa.R.Crim.P. 907 was inadequate. We affirm.

The relevant facts and procedural history are as follows:

This matter arises out of [Appellant's] arrest as a result of a robbery which occurred at the Dollar General Store in Kennedy Township on May 14, 2008. As a result of his arrest, [Appellant] was charged with one Count of Robbery–Serious Bodily Injury in violation of 18 Pa.C.S.A. § 3701; Aggravated Assault in violation of 18 Pa.C.S.A. § 2702; Carrying a Firearm Without a License in violation of 18 Pa.C.S.A. § 6106; Unlawful Restraint in violation of 18 Pa.C.S.A. § 2902; and Retail Theft in violation of 18 Pa.C.S.A. § 3929. On March 25, 2009, [Appellant] entered into a plea agreement related to Robbery, Aggravated Assault, and Unlawful Restraint.

[Specifically,] [o]n March 25, 2009, [Appellant] entered into a negotiated plea agreement wherein the Commonwealth agreed to withdraw the charge of Carrying a Firearm Without a License in violation of 18 Pa.C.S.A. § 6106 and to further waive the imposition of a mandatory sentence of five (5) years pursuant to 42 Pa.C.S.A. § 9712(a) with [Appellant] entering a guilty plea to the remaining charges. Further, [Appellant] and the Commonwealth agreed to a period of incarceration of not less than three (3) or more than six (6) years. In addition, [Appellant] agreed to make restitution in the amount of $3,500.00 to the Dollar General Store. A colloquy was conducted that established that [Appellant] was entering a knowing, intelligent and voluntary plea. [Appellant] also acknowledged that he had read, understood and signed the Guilty Plea Explanation of Defendant's Rights Form.

As it pertained to the summary of facts presented at the time of the plea, the Commonwealth established that on May 14, 2008, the Kennedy Township Police were dispatched to the Dollar General Store on Pine Hollow Road for a reported robbery. The victim in the case, Michelle Heimman, was bleeding from a wound to the head. The victim reported that she was struck with a gun over the head by a black male carrying a firearm. The gunman had forced his way into the office and stole an estimated $3,000.00 to $4,000.00. The gunman then demanded that the victim open the safe. When the victim advised the gunman that the safe was near the register, the gunman threatened the victim stating that "if she was lying he was going to shoot her." After the money was obtained the gunman then produced a roll of duct tape, bound the victim by her ankles and knees and placed a piece of tape over her mouth. Forensic testing of the wrapping from the duct tape used by the gunman determined that it contained a fingerprint of [Appellant] and that a representative of the Allegheny County Crime Lab found th[e] [fingerprint] "inside the sticky adhesive portion of the wrapper." A warrant was obtained by the detectives for [Appel-

lant's] arrest [and the detectives] later questioned [Appellant.] [Appellant] initially admitted that he committed the robbery because he owed somebody money, but then shortly thereafter recanted the admission.

Subsequent to the summary of evidence, no additions or corrections to the summary were made or offered on behalf [of Appellant]. [Appellant] further acknowledged that he was pleading guilty because he was guilty of the charges. In addition, the Court asked [Appellant] why he would engage in such conduct when he did not appear to have a history of violent criminal behavior, [Appellant] responded, "It was a stupid act."

[Appellant's] counsel had negotiated the withdrawal of the felony charge of Carrying a Firearm without a License and the waiver of that mandatory five year sentence pursuant to 42 Pa.C.S.A. § 9712(a). Further, the Commonwealth agreed to a period of incarceration of three to six years on the charge of robbery. As it pertained to a period of probation, the Court specifically asked if there was an agreed upon period of probation and [the] Assistant District Attorney stated, "That's up to you, Your Honor. Whatever might be appropriate in this case." Neither [Appellant] nor his counsel disagreed or corrected the statement regarding a period of probation being left to the discretion of the Court. After informing [Appellant] that if found guilty and absent a plea agreement that he faced a possible sentence of ten to twenty years, the plea agreement regarding the period of incarceration of three to six years [for robbery] was accepted and [Appellant] was also given [a consecutive period of] five years' probation on the felony charge of aggravated assault. [Appellant] was also ordered to make restitution in the amount of $3,500.00.

PCRA Court Opinion filed 1/18/11 at 3–5.

■ Following sentencing, Appellant did not file a timely direct appeal;[1] however, on July 16, 2009, Appellant filed a timely *pro se* PCRA petition.[2] The trial court appointed new counsel, Allan R. Patterson, III, Esquire, who, instead of filing an amended PCRA petition, filed a petition to withdraw as counsel and no-merit letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). In his no-merit letter, Attorney Patterson presented issues related to the validity of the arrest warrant, the sufficiency of the fingerprint evidence, whether Appellant's plea was unlawfully induced, and whether guilty plea counsel was ineffective in failing to challenge the arrest warrant or fingerprint evidence.

On September 2, 2009, Appellant filed a *pro se* response to Attorney Patterson's petition to withdraw. Specifically, Appellant contended Attorney Patterson's no-merit letter was defective since it did not adequately present the issue of whether guilty plea counsel was inef-

---

1. Pursuant to the prisoner mailbox rule, on October 27, 2009, Appellant filed a *pro se* notice of appeal purportedly from his March 25, 2009 judgment of sentence, and on December 15, 2009, he filed an amended *pro se* notice of appeal purportedly from his judgment of sentence. By Order entered on February 16, 2010, this Court quashed the appeal as being untimely filed.

2. Appellant's PCRA petition was time-stamped and docketed on July 20, 2009; however, pursuant to the prisoner mailbox rule, Appellant's *pro se* PCRA petition is deemed to be filed when it was handed to prison officials on July 16, 2009. *See Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super.2011). In his petition, Appellant contended the arrest warrant was invalid and he challenged the fingerprint evidence.

fective in failing to subpoena a witness, introduce evidence demonstrating Appellant's whereabouts, and introduce evidence that another person committed the crimes. Furthermore, he contended Attorney Patterson was ineffective in failing to present the issue of whether guilty plea counsel unlawfully induced Appellant to plead guilty and whether guilty plea counsel was ineffective in failing to file a petition to withdraw Appellant's guilty plea.

By order filed on September 9, 2009, the PCRA court granted Attorney Patterson's petition to withdraw and provided notice to Appellant of its intention to dismiss pursuant to Pa.R.Crim.P. 907. On September 25, 2009, Appellant filed a *pro se* response alleging guilty plea counsel was ineffective in failing to consult with Appellant, and Attorney Patterson was ineffective in failing to present this issue. He further contended Attorney Patterson was ineffective in stating Appellant did not assert his innocence, failing to adequately present Appellant's alibi defense, and failing to adequately present the issue of whether guilty plea counsel was ineffective in not challenging the warrant and fingerprint evidence.

■ By order filed on January 7, 2010, the PCRA court dismissed Appellant's timely PCRA petition. On February 4, 2010, Appellant filed a timely *pro se* notice of appeal to this Court from the PCRA court's January 7, 2010 order, which dismissed Appellant's PCRA petition.[3] By order filed on March 23, 2010, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and the PCRA court appointed new counsel, Charles R. Pass, III, Esquire, for purposes of appeal. On March 31, 2010, Attorney Pass filed a

timely Pa.R.A.P. 1925(b) statement on behalf of Appellant. The PCRA court filed a responsive Pa.R.A.P. 1925(a) opinion.

■ Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. *Commonwealth v. Morales,* 549 Pa. 400, 701 A.2d 516, 520 (1997). We will not disturb findings that are supported by the record. *Commonwealth v. Yager,* 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (*en banc* ).

■ Appellant's first contention is that his conviction for aggravated assault should have merged with his conviction for robbery for sentencing purposes. A claim that crimes should have merged for sentencing purposes presents a challenge to the legality of a sentence. *See Commonwealth v. Rhoades,* 8 A.3d 912 (Pa.Super.2010). Here, Appellant failed to present his legality of sentencing claim in his PCRA petition, or otherwise in the PCRA court below, and raised the issue for the first time on appeal. It is well-settled that "issues not raised in a PCRA petition cannot be considered on appeal." *Commonwealth v. Lauro,* 819 A.2d 100, 104 (Pa.Super.2003) (*citing Commonwealth v. Wallace,* 555 Pa. 397, 724 A.2d 916, 921 n. 5 (1999)).

■ Even if reviewable, Appellant's merger claim is without merit.

In reviewing an illegal sentence claim, '[t]he issue . . . is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo.*' Section 9765 of our Judicial Code provides:

---

**3.** Appellant's notice of appeal was time-stamped and docketed on February 18, 2010; however, pursuant to the prisoner mailbox rule, Appellant's *pro se* notice of appeal is deemed to be filed when it was handed to prison officials on February 4, 2010. *See Robinson, supra.*

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. This Court has assessed a merger issue by examining 'whether the charges arose out of a single set of facts and whether all the statutory elements of one offense coincide with the statutory elements of the other offense.'

*Commonwealth v. Lomax*, 8 A.3d 1264, 1267–68 (Pa.Super.2010) (quotations omitted).

■ In conducting our analysis to determine whether the sentences should have merged:

The threshold question is whether Appellant committed one solitary criminal act. The answer to this question does not turn on whether there was a 'break in the chain' of criminal activity. Rather, the answer turns on whether 'the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[.]' If so, then the defendant has committed more than one criminal act. This focus is designed to prevent defendants from receiving a 'volume discount on crime' of the sort described in our Supreme Court's decision in *Anderson:* [4]

If multiple acts of criminal violence were regarded as part of one larger criminal transaction or encounter which is punishable only as one crime, then there would be no legally recognized difference between a criminal who robs someone at gunpoint and a criminal who robs the person and during the same transaction or encounter pistol whips him in order to effect the robbery. But in Pennsylvania, there is a legally recognized difference between these two crimes. The criminal in the latter case may be convicted of more than one crime and sentences for each conviction may be imposed where the crimes are not greater and lesser included offenses.

*Commonwealth v. Robinson*, 931 A.2d 15, 24–25 (Pa.Super.2007) (en banc) (quotations and citations omitted) (footnote added). *See Commonwealth v. Williams*, 958 A.2d 522, 527 (Pa.Super.2008) (holding that, if the offenses stem from two different criminal acts, merger analysis is not required).

Here, as indicated by the PCRA court in its Pa.R.A.P. 1925(a) Opinion, Appellant's convictions for robbery and aggravated assault did not "arise out of a single set of facts." Specifically, as indicated by the PCRA court:

In this case, the evidence does not support [Appellant's] contention that there was a single act that formed the basis for these charges, that is, a single blow to the head. The record reflects that the victim was struck in the head with a firearm being carried by [Appellant] that resulted in a bleeding head wound. This was clearly an attempt to cause serious bodily injury. In addition, the evidence reflects that [Appellant], while brandishing the firearm and after striking her on the head, forced her into an office, demanded to know where the company safe was and threatened to shoot her if she did not tell him the truth. This was not a single act that formed the basis for both charges.

PCRA Court Opinion filed 1/18/11 at 13. We agree with the PCRA court's analysis

---

**4.** *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20 (1994).

in this regard and conclude that Appellant's legality of sentencing claim is meritless.[5]

■ Appellant's next claim is that guilty plea/sentencing counsel was ineffective in failing to consult with Appellant regarding the filing of a direct appeal in order to raise Appellant's legality of sentencing claim. Here, to the extent the claim was preserved by Appellant presenting the claim in his *pro se* response to the PCRA court's notice of its intention to dismiss, *see Lauro, supra* (claim must be raised in PCRA court in order to be preserved for appeal), we find no relief is due.

Our standard of review when faced with a claim of ineffective assistance of counsel is well settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant.

\* \* \*

A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to prove any one of the three prongs results in the failure of petitioner's claim.

*Commonwealth v. Rivera,* 10 A.3d 1276, 1279 (Pa.Super.2010) (citations omitted).

■ Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. *Commonwealth v. Lantzy,* 558 Pa. 214, 226–27, 736 A.2d 564, 572 (1999). However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request. *Commonwealth v. Bath,* 907 A.2d 619 (Pa.Super.2006). Here, Appellant has not alleged on appeal that he requested guilty plea/sentencing counsel to file a direct appeal and counsel failed to do so. Rather, Appellant contends that guilty plea/sentencing counsel was ineffective in failing to consult with Appellant as to whether he desired to file a direct appeal in order to present Appellant's legality of sentencing claim.

With regard to counsel's duty to consult, this Court has held as follows:

[Case law] impose a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal ... such that counsel could still be found to be ineffective in not filing an appeal even where appellant did not request the appeal.

\* \* \*

Pursuant to *Roe*[6] and *Touw,*[7] counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2)

---

**5.** Moreover, we note that this Court has held that the crimes of robbery and aggravated assault do not merge since all of the statutory elements of the offenses do not coincide with each other. *See Commonwealth v. Walls,* 950 A.2d 1028 (Pa.Super.2008) (holding that crimes of robbery and aggravated assault have separate elements and a conviction for

one does not necessarily contain the elements of the other).

**6.** *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

**7.** *Commonwealth v. Touw,* 781 A.2d 1250 (Pa.Super.2001).

that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Commonwealth v. Bath,* 907 A.2d 619, 623 (Pa.Super.2006) (quotations, quotation marks, and citations omitted) (footnotes added).

■ Here, we may ignore the latter condition because Appellant does not argue that he reasonably demonstrated to counsel that he was interested in appealing. As for the former condition, Appellant suggests that the nonfrivolous issue which he wished to raise on appeal was the legality of sentencing claim discussed *supra.* However, as we have stated, Appellant's legality of sentencing claim is lacking in merit. Thus, as Appellant has not met his burden of demonstrating he was prejudiced by counsel's failure to consult regarding a nonfrivolous ground for appeal, we find guilty plea/sentencing counsel was not ineffective. *See Bath, supra* (holding that the petitioner must demonstrate a duty to consult and that he was prejudiced by counsel's failure to fulfill this duty).[8]

■ Appellant next challenges the adequacy of PCRA counsel's no-merit letter and contends PCRA counsel was ineffective in failing to present Appellant's legality of sentencing claim and arguing guilty plea/sentencing counsel was ineffective in failing to consult with Appellant regarding the filing of a direct appeal.

Regarding Appellant's claim PCRA counsel was ineffective in failing to present Appellant's legality of sentencing claim in his no-merit letter or otherwise before the PCRA court, we find Appellant has presented this issue for the first time on appeal. Therefore, the issue has been waived pursuant to *Commonwealth v. Pitts,* 603 Pa. 1, 981 A.2d 875 (2009).

In *Pitts,* our Supreme Court found that a PCRA petitioner's failure to argue PCRA counsel's alleged ineffectiveness prior to his PCRA appeal resulted in waiver of the issue of PCRA counsel's ineffectiveness. *Id.,* 981 A.2d at 880 n. 4. In reversing this Court's decision, in which a panel of this Court addressed Pitt's claims of PCRA counsel's ineffectiveness raised for the first time on appeal, the Supreme Court reasoned that Pitt

> could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so. Thus, the issue of whether PCRA counsel was ineffective for failing to raise the direct appeal issue was waived, and the Superior Court should not have reached it.

*Pitts,* 981 A.2d at 880 n. 4.

We find the reasoning in *Pitts* effectively prohibits our review of Appellant's claim that PCRA counsel was ineffective in failing to raise Appellant's legality of sentencing claim. Like the case before the Supreme Court in *Pitts,* Appellant should have raised this claim of PCRA counsel's ineffectiveness and inadequacy of his no-merit letter when this matter was still before the PCRA court. Consistent with our Supreme Court's decision in *Pitts,* Appellant's failure to do so results in waiver of this claim.[9]

**8.** Appellant also suggests guilty plea/sentencing counsel was ineffective in failing to consult with Appellant regarding whether he wished to file a post-sentence motion in order to preserve Appellant's legality of sentencing claim. Inasmuch as the filing of a post-sentence motion is not necessary in order to preserve a legality of sentencing claim for direct appeal, and there is no merit to Appellant's underlying legality of sentencing claim, we find no relief is due.

**9.** In any event, as discussed *supra,* we find no merit to Appellant's underlying legality of sentencing claim.

Regarding Appellant's claim that PCRA counsel was ineffective in failing to present the issue of whether guilty plea/sentencing counsel was ineffective in failing to consult with Appellant regarding the filing of a direct appeal in order to raise the legality of sentencing claim, as indicated *supra*, Appellant is not entitled to relief with regard to the underlying claim upon which his ineffectiveness claim is premised. Thus, Appellant is not entitled to relief with regard to his ineffectiveness of PCRA counsel claim. *See Rivera, supra* (setting forth the prongs necessary for an ineffectiveness of counsel claim).

 Appellant's final claim is that the PCRA court's notice of its intention to dismiss pursuant to Pa.R.Crim.P. 907 was inadequate. Specifically, Appellant contends that the notice was improperly silent as to the fact the PCRA court was intending to dismiss Appellant's PCRA petition on the basis the claims presented therein had been waived.[10] We find no reversible error.

Pa.R.Crim.P. 907 provides, in relevant part, the following:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition **and shall state in the no-**

**tice the reasons for the dismissal.** The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis added).

Here, in its Pa.R.Crim.P. 907 notice, the PCRA court suggested it was intending to dismiss Appellant's PCRA petition for the reasons discussed in counsel's no-merit letter, which discussed at length the fact Appellant's claims presented in his *pro se* PCRA petition were waived by virtue of the fact he pled guilty and failed to file a timely direct appeal in which the substantive claims could have been presented. The waiver reasons provided in counsel's no-merit letter were the same reasons provided in the PCRA court's January 7, 2010 Order dismissing Appellant's petition.

Therefore, we conclude Appellant was provided with sufficient notice under Pa. R.Crim.P. 907 as to the PCRA court's reasons for the intended, and ultimate, dismissal of Appellant's PCRA petition.

For all of the aforementioned reasons, we affirm.

Affirmed.

---

**10.** We note that Appellant makes a passing reference to PCRA counsel failing to couch the claims raised in Appellant's PCRA petition, i.e., the validity of the arrest warrant and the adequacy of the fingerprint analysis, in terms of ineffective assistance of guilty plea counsel. *See* Appellant's Brief at 27. Inasmuch as this argument has not been developed on appeal, we decline to address it further. *See* Pa.R.A.P. 2119.