J-S51022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHNATHAN LANE | |
| Appellant | No. 2033 EDA 2015 |

Appeal from the PCRA Order June 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013415-2009

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 05, 2016**

Johnathan Lane appeals from the order, entered in the Court of Common Pleas of Philadelphia County, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review, we affirm.

Following a jury trial, Lane was convicted of third-degree murder,[2] criminal conspiracy,[3] and possessing an instrument of crime[4] based upon his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(c).

[3] 18 Pa.C.S. § 903.

[4] 18 Pa.C.S. § 907(a).

actions with his co-defendant, Shawn Jones-Bing. After a verbal altercation with the victim, Lane and Jones-Bing approached the victim's car. Lane and Jones-Bing entered the car while the victim was inside; Lane sat in the front passenger seat and Jones-Bing sat in the back seat. Shortly after entering the car, eyewitnesses heard a gunshot coming from inside the car. Lane and Jones-Bing exited the vehicle, entered their own car, and drove away. The victim, who had been shot in the eye, was transported to a hospital and pronounced dead.

Based on these facts, Lane was convicted of the foregoing offenses, and on November 15, 2010, he was sentenced to an aggregate term of 20 to 40 years' incarceration. Following a timely direct appeal to this Court, Lane's judgment of sentence was affirmed on July 30, 2012. ***See Commonwealth v. Lane***, 55 A.3d 150 (Pa.Super. 2012) (unpublished memorandum). Thereafter, on January 3, 2013, the Pennsylvania Supreme Court denied Lane's petition for allowance of appeal. Lane filed a timely *pro se* PCRA petition on July 24, 2013, and counsel was appointed. Lane later retained private counsel, who filed the instant amended PCRA petition. After issuing a notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition on June 5, 2015. Lane filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Lane raises the following issues for our review:

1. Was trial counsel ineffective because he failed to object – <u>on due process grounds</u> – to the court's summary of proof beyond a reasonable doubt in the court's final instructions?

2. Was trial counsel ineffective because he failed to request that the court charge that a summary of proof beyond a reasonable doubt went far beyond a suspicion, a probability of guilt, a preponderance of the evidence, and clear and convincing evidence?

3. Was trial counsel ineffective for failing to object to the court's definition of reasonable doubt?

4. Was trial counsel ineffective because he failed to object to the court's instructions on "demeanor evidence"?

Brief for the Appellant, at 8 (emphasis in original).

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

To be eligible for relief under the PCRA, Lane must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating

ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011). To demonstrate ineffectiveness, the appellant must satisfy a three-part test by showing that: "1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Spotz***, ***supra*** at 311.

> When reviewing a trial court's jury instructions, we
>
> will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014) (citations omitted). Additionally, "[c]ounsel will not be deemed ineffective for failing to raise a meritless objection to proper jury instructions." ***Commonwealth v. Howard***, 749 A.2d 941, 957 (Pa. Super. 2000).

Lane's first three issues assert that trial counsel failed to object or request clarification as to the trial court's instructions regarding reasonable doubt. Specifically, Lane argues that the court's summary of the requirements for proof beyond a reasonable doubt was incomplete and that the definition of reasonable doubt was incorrect.

The trial court's instructions regarding the Commonwealth's burden to prove that Lane committed the crimes charged were as follows:

[I]t is the Commonwealth that always has the burden of proving each and every element of the crime charged and that each defendant is guilty of those crimes beyond a reasonable doubt.

And I will give you those elements towards the end of this charge.

If the evidence presented fails to meet the Commonwealth's burden, then your verdict must be not guilty.

On the other hand, if the evidence does prove beyond reasonable doubt that a defendant is guilty of the crimes charged, then your verdict should be guilty.

Although the Commonwealth has the burden of proving each defendant is guilty beyond reasonable doubt, this does not mean that the Commonwealth must prove its case beyond all doubt, nor to a mathematical certainty.

Nor must it demonstrate the complete impossibility of innocence.

You also do not have to have all of your questions answered before you can find a defendant guilty. But you must be conviced beyond reasonable doubt as to each and every element of each crime charged before you can find him guilty.

**A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to pause, hesitate, or refrain from acting upon a matter of the highest importance in his or her own affairs or to his or her own interests.**

A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence presented, with respect to some element of the crimes charged.

**So, to summarize, you may not find the defendants guilty based upon a mere suspicion of guilt.**

The Commonwealth has the burden of proving each defendant guilty beyond reasonable doubt.

If the Commonwealth has met that burden, then the defendants are no longer presumed innocent and you should find them guilty. On the other hand, if the Commonwealth has not met its burden, then you must find them not guilty.

N.T. Trial, 8/16/10, at 233-35 (emphasis added).

Lane argues that the phrase "to summarize, you may not find the defendants guilty based upon a mere suspicion of guilt" is "not a summary at all. It is a statement which takes the lowest level of proof (suspicion) and tells the jury that proof beyond a reasonable doubt requires more than suspicion." Brief for the Appellant, at 12. Lane asserts that his trial counsel should have objected to this statement and requested an instruction that proof beyond a reasonable doubt goes beyond suspicion, probability, preponderance of the evidence, and clear and convincing evidence. Lane argues that without an objection and additional instruction, the statement reduced the standard of proof the jury needed to find in order to convict him. We disagree.

We note that the instructions the court provided regarding reasonable doubt and the Commonwealth's burden of proof mirror the charge provided in the Pennsylvania Suggested Standard Criminal Jury Instructions. **See** Pa.S.S.J.I (Criminal) § 7.01. Indeed, the standard instructions provide the exact phrase to which Lane objects. Additionally, Lane's argument isolates the phrase and takes it out of context, in contravention of our mandate to consider jury instructions as a whole. **Antidormi**, **supra**. Moreover, our Supreme Court has rejected an identical argument objecting to the phrase "mere suspicion of guilt" when used within a rendition of the same standard jury instructions as were used here. **See Commonwealth v. Ragan**, 743

- 6 -

A.2d 390, 401-02 (Pa. 1999). Accordingly, any objection by trial counsel would have been meritless. ***Howard***, ***supra***.

Next, Lane asserts that trial counsel should have objected to the court's definition of reasonable doubt. The court stated that a reasonable doubt arises when a reasonable person would "pause, hesitate, or refrain from acting" upon an important matter. N.T. Trial, 8/16/10, at 234. Lane argues that the inclusion of the term "refrain" improperly introduced a higher degree of doubt required for acquittal than did "pause" or "hesitate." Brief for the Appellant, at 21. In ***Commonwealth v. Uderra***, 862 A.2d 74 (Pa. 2004), the same language was at issue, and the appellant argued that "defining reasonable doubt in such a way as would require a juror to 'refrain' from acting altogether, rather than merely to 'hesitate' before acting, . . . significantly reduc[ed] the Commonwealth's burden from the constitutionally-approved level and infring[ed] on the presumption of innocence." ***Id.*** at 92. Our Supreme Court rejected this claim and held that, taken as a whole, the instructions accurately conveyed the concept of reasonable doubt. ***Id.*** Thus, the court's instruction was proper in the instant matter and any objection to the definition would have been without merit. ***Howard***, ***supra***.

Finally, Lane argues that trial counsel was ineffective for failing to object to the trial court's instructions regarding "demeanor evidence." The court provided the following regarding the credibility of witnesses:

You must consider and weigh the testimony of each witness and give it such weight as, in your judgment, it is fairly entitled to receive.

The matter of the credibility of a witness – that is, whether his or her testimony is believable and accurate, in whole or in part – is solely for your determination.

I will mention some of the factors which might bear on that determination:

Whether the witness has any interest in the outcome of the case or has friendship or animosity towards other persons concerned in the case.

The behavior of the witness on the witness stand and his or her demeanor.

His or her manner of testifying and whether she or he shows any bias or prejudiced which might color his or her testimony. The accuracy of his or her testimony – I'm sorry.

The accuracy of his or her memory and recollection.

His or her ability and opportunity to acquire knowledge of or to observe the matters about which she or he testifies.

The consistency or inconsistency of her or his testimony, as well as its reasonableness or unreasonableness in light of all of the evidence of the case.

N.T. Trial, 8/16/10, at 235-36.

Lane claims that

[t]hese instructions invited the jury to make credibility findings which could easily have led to a conviction based on "the behavior of the witness on the witness stand" or "his or her own demeanor" or "his or her manner of testifying[.]" No standards were given [to] the jury on how to make these determinations or on how to make such judgments.

Brief for the Appellant, at 28. We disagree.

Here, Lane again takes certain phrases out of context, when jury instructions are to be considered in their entirety. *Antidormi*, *supra*. The

portions Lane isolates are possible factors, among others, that a jury may find relevant in determining credibility. We have held that such factors are permissible for a jury to consider: "[W]itnesses' credibility may be assessed by the content of the testimony and the manner in which it is presented, e.g., did the witness 'appear' forthright in his demeanor and delivery." *Commonwealth v. Paxton*, 821 A.2d 594, 597 (Pa. Super. 2003) Moreover, the standard jury instructions regarding credibility of witnesses include that the jury may consider how convincing a witness is and how a witness looks, acts, and speaks while testifying. *See* Pa.S.S.J.I. (Criminal) § 4.17. Thus, we find that any objection counsel may have made to the court's instructions regarding demeanor of witnesses would have been without merit. *Howard*, *supra*.

For the foregoing reasons, Lane has failed to show that any of his claims have merit; accordingly, counsel cannot be deemed ineffective. *Spotz*, *supra*. Accordingly, the PCRA court did not err in dismissing Lane's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2016

- 9 -