J-S02038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARVIN CRUMP | |
| Appellant | No. 447 EDA 2016 |

Appeal from the PCRA Order January 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0313991-1982

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.:                    **FILED JUNE 20, 2017**

Marvin Crump appeals, *pro se*, from the January 6, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

The PCRA court summarized the factual and procedural history of this matter as follows:

> On November 9, 1983, [Crump] was convicted of murder in the second degree, robbery, criminal conspiracy, and carrying firearms on public streets or public property in Philadelphia,[1] and sentenced to a term of life imprisonment by the Honorable Charles Durham. On November 20, 1985, the Superior Court affirmed the judgment of sentence. The Supreme Court of Pennsylvania denied *allocatur* on June 17, 1993.

---

[1] 18 Pa.C.S. §§ 2502, 3701, 903, and 6108, respectively.

[Crump] filed his first PCRA petition on July 29, 1997, and it was dismissed as untimely on March 27, 1998.

On January 14, 2008, [Crump] filed his second PCRA petition. Supplements in support of this petition were filed November 7, 2012, and February 5, 2013. [Crump]'s principal claims were that he was being unlawfully held due to a lack of sentencing order, and that the weight of the evidence presented at trial was insufficient to sustain his conviction. This Court issued an order dismissing [Crump]'s claims as untimely on June 3, 2013. [Crump] did not appeal.

On June 17, 2013, two weeks after [Crump's] second petition was dismissed on timeliness grounds, [Crump] filed a writ of habeas corpus raising claims identical to those raised in his second petition, namely, the lack of a sentencing order and that the evidence presented at his trial was insufficient to sustain his conviction. [Crump]'s third petition was dismissed as untimely on July 31, 2014.

[Crump] then filed his [fourth], and instant, petition – titled "Application For Relief" – on August 27, 2014.[2] This Court issued a notice of its intent to dismiss [Crump]'s [fourth] and subsequent petitions[3] on November 5, 2015, and having received no response from [Crump], issued its order dismissing the instant petition and supplemental petitions on January 6, 2016.

_____

[2] From the certified record, it appears that Crump attempted to withdraw his "Application for Relief." **See** Praecipe to Discontinue/Withdraw Pending Matter, 11/3/14.

[3] Crump "submitted upwards of twenty-nine separate filings [from August 2014 until January 2016]. These petitions are docketed and the dates a matter of court record; thus, for the sake of brevity, each filing will not be addressed in turn here as none pleads an exception to timeliness." PCRA Ct. Op., 7/13/16, at 1 n.1 (unpaginated). Among Crump's numerous filings were submissions styled as "codicils" to petitions for writ of *habeas corpus* as well as additional petitions for writ of *habeas corpus*.

On January 21, 2016 this Court received [Crump]'s notice of appeal to the Pennsylvania Superior Court. This Court did not order a Concise Statement of Matters Complained of pursuant to *Pa.R.A.P.* 1925(b).

PCRA Ct. Op., 7/13/16, at 1-2 (unpaginated).

Crump raises the following issues on appeal:

1. Did the lower court abuse its discretion and/or commit an error of law when it dismissed [Crump]'s writ of habeas corpus w/supporting affidavits, challenging record evidence of conviction in the certified docket entries, maintained by the clerk of courts, as an untimely PCRA petition, without the existence of a final order?

2. Did the lower court deprive [Crump] of his constitutionally protected liberty interest under the due process clause of the 14th amendment based on an unforeseeable, retroac[t]ive judicial expansion of a criminal statute which operates precisely like an ex post facto law such as article I, sec. 10, of the Constitution forbids?

3. Is discretion abused by subjecting [Crump] to a penal statute by implication through Joseph v. Glunt, 96 A.3d 365 (Pa.Super.2014), to justify altering [Crump]'s habeas claim to fit its opinion absent a final order in the certified record?

4. Do the laws that govern retroactivity subsume amendatory statutes such as 42 Pa.C.S. §9764(c.1)(3), that do not clearly and mainfiestly [sic] indicate retroactivity?

5. Did the lower court abuse its discretion by attempting to establish presumption of the existence of an order [November 9, 1983], in the record when <u>no</u> such order exist in leagacy [sic] docket #8203139911; nor the criminal docket at CP-51 -CR-031399-1982?

6. Does the lower court retain exclusive jurisdiction to entertain, adjudicate or time-bar [Crump]'s brief, absent the existence of a final order of conviction or sentence in the certified court record?

Crump's Br. at 7 (unnecessary capitalization and suggested answers omitted).

Before we reach the merits of Crump's petition, we must determine whether it was timely filed.

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

On June 17, 1993, the Supreme Court denied Crump's petition for allowance of appeal. Therefore, Crump's current petition, filed on August 27, 2014, is facially untimely. Crump's petition remains untimely unless he alleged and proved a PCRA time-bar exception.

As the PCRA court found, Crump's "numerous filings attack his sentence and the sufficiency of evidence to sustain the verdict." PCRA Ct. Order, 1/6/17, at 1 n.1. However, Crump did not attempt to invoke any exception to the PCRA time bar. Accordingly, we conclude that the PCRA court properly dismissed Crump's PCRA petition as untimely.

To the extent that Crump challenges the Department of Corrections' ("DOC") authority to detain him without a sentencing order,[4] we agree with the trial court that this "claim legitimately sound[s] in *habeas corpus*," ***Joseph v. Glunt***, 96 A.3d 365, 368 (Pa.Super. 2014). The PCRA court properly found that this claim was meritless. ***See id.*** at 372 (holding that a record of the valid imposition of a sentence was sufficient authority to maintain a prisoner's detention, such that even in the absence of a written sentencing order, the DOC had continuing authority to detain appellant).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2017

---

[4] Crump appears to contend that the record does not contain proof of his conviction. **See** PCRA Ct. Op. at 5. Crump states that he "does not seek a sentencing order from the [DOC], nor is the DOC Respondents [sic] in this matter as implied by Judge Minehart." Crump's Br. at 16. However, our review of the record reveals that a sentencing order was entered in this matter.