**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA JAMES STEELE | : | |
| | : | |
| Appellant | : | No. 994 WDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001673-2016,
CP-26-CR-0001674-2016, CP-26-CR-0001675-2016,
CP-26-CR-0001676-2016, CP-26-CR-0001677-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA JAMES STEELE | : | |
| | : | |
| Appellant | : | No. 1001 WDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001673-2016,
CP-26-CR-0001674-2016, CP-26-CR-0001675-2016,
CP-26-CR-0001676-2016, CP-26-CR-0001677-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA JAMES STEELE | : | |
| | : | |
| Appellant | : | No. 1005 WDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018

In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001673-2016,
CP-26-CR-0001674-2016, CP-26-CR-0001675-2016,
CP-26-CR-0001676-2016, CP-26-CR-0001677-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA JAMES STEELE | : | |
| | : | |
| Appellant | : | No. 1006 WDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001673-2016,
CP-26-CR-0001674-2016, CP-26-CR-0001675-2016,
CP-26-CR-0001676-2016, CP-26-CR-0001677-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA JAMES STEELE | : | |
| | : | |
| Appellant | : | No. 1007 WDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001673-2016,
CP-26-CR-0001674-2016, CP-26-CR-0001675-2016,
CP-26-CR-0001676-2016, CP-26-CR-0001677-2016

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 04, 2019**

Joshua James Steele appeals from the order dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Steele

claims the PCRA court erred in denying his trial counsel ineffectiveness claims. We affirm.

Steele was charged at five different docket numbers with burglary and related offenses.[1] In September 2016, Steele appeared for his guilty plea hearing. Counsel[2] stated that Steele had completed a guilty plea colloquy, wanted to enter a guilty plea, and wanted to accept the Commonwealth's offer. N.T., 9/21/2016, at 2. Counsel stated that she had informed Steele that he could proceed to trial or enter a general guilty plea. *Id.* She further stated that Steele had inquired about "good time and things of that nature" and that counsel had explained those matters "were up to the [Department of Corrections] and the Parole Board," and that he would receive credit for time served for the charges to which he was pleading guilty. *Id.*

_____

[1] At docket CP-26-CR-0001673-2016, Steele was charged with burglary, 18 Pa.C.S.A. § 3502(a), criminal trespass, 18 Pa.C.S.A. § 3503(a)(1), and criminal mischief, 18 Pa.C.S.A. § 3304(a)(5). At docket CP-26-CR-0001674-2016, Steele was charged with burglary, criminal trespass, resisting arrest, 18 Pa.C.S.A. § 5104, theft, 18 Pa.C.S.A. § 3921(a), receiving stolen property, 18 Pa.C.S.A. § 3925(a), and criminal mischief. At docket CP-26-CR-0001675-2016, Steele was charged with burglary, possession of a firearm prohibited, 18 Pa.C.S.A. §6105(a), criminal trespass, receiving stolen property, and theft. At docket CP-26-CR-0001676-2016, Steele was charged with burglary, possession of firearm prohibited, criminal trespass, theft, and receiving stolen property. At docket CP-26-CR-1677-2016, Steele was charged with burglary, receiving stolen property, firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), and altering mark of identification, 18 Pa.C.S.A. § 6117(a).

[2] Steele was represented by two attorneys, but only one attended the guilty plea hearing.

The Commonwealth stated that it had offered a negotiated sentence of 11 to 22 years' incarceration plus restitution. *Id.* at 3. Steele agreed that he had reviewed the guilty plea with his attorneys; he understood everything contained in the agreement; he had signed it of his own free will; he was waiving his rights; he understood the charges against him; and no one promised him anything, threatened him, or used force against him to cause him to plead guilty. *Id.* at 4-5. He did not have any questions regarding the rights set forth in the agreement. *Id.* at 4.

The Commonwealth reviewed the facts underlying the charges at the five docket numbers, and Steele agreed to the facts. *Id.* at 6-11. Steele agreed that he had spoken with his attorneys and had decided to plead guilty. *Id.* at 11-12. He also agreed that he was satisfied with his counsel and had no additional information to bring to the court's attention. *Id.* at 12.

The court accepted Steele's guilty plea and sentenced Steel to an aggregate sentence of 11 to 22 years' imprisonment. *Id.* at 12-19. Steele did not file a direct appeal.

In September 2017, Steele filed a timely PCRA petition, alleging his trial counsel was ineffective. The PCRA court held a hearing, at which Steele and his two trial counsel testified. The PCRA court found the testimony of Steele's two trial counsel credible and found the testimony of Steele not credible. Trial Court Opinion, filed June 11, 2018, at Findings of Fact ¶¶ 26-27 ("1925(a) Op.").

The testimony and evidence presented at the evidentiary hearing, and which the PCRA court credited, established the following. Steele was represented by two attorneys, whom he met for the first time on the day of his preliminary hearing. N.T., 12/5/2017, at 49, 62. His counsel had reviewed the criminal complaints prior to arrival and arrived 45 minutes to an hour before the hearing so that they could meet with Steele. *Id.* at 50, 63-64. The Commonwealth offered a plea deal, which included a sentence of 12 to 24 years' incarceration. *Id.* at 66. Steele directed his counsel, "[T]ell them ten to twenty, I will take it." *Id.* Steele's counsel informed the Commonwealth of the counter-offer, and the Commonwealth then offered 11 to 22 years' incarceration. *Id.* at 66-67. Counsel informed Steele of the offer and told Steele that if he wanted a preliminary hearing, the "offer was off the table." *Id.* at 67. Steele and counsel discussed the plea offer, and Steele decided to accept it. *Id.* at 68. The court scheduled a plea hearing for a later date.

At some point before the plea hearing, counsel received a phone call from Steele's wife, who informed counsel that Steele did not want to agree to the guilty plea. *Id.* at 69. In a letter dated September 14, 2016, counsel set forth what counsel then believed to be the applicable sentencing guideline ranges and maximum sentences for the charges filed against Steele. *Id.* at 69-72. Counsel hand-delivered the letter when he met with Steele. *Id.* at 70. This letter stated Steele's prior record score was a Repeat Felony Offender ("RFEL"). Counsel reviewed the dockets with Steele and Steele stated he wanted to plead guilty, under the terms of the agreement. *Id.* at 73.

In a second letter dated September 19, 2016, and hand-delivered to Steele, counsel advised Steele that Steele had a prior record score of five, and he was not a RFEL. *Id.* at 73-74. In the letter, counsel stated the Commonwealth's offer had been based on a prior record score of five and again went over the guideline ranges and maximum sentences. *Id.* at 74. Counsel also informed Steele that he could reject the offer and proceed to a trial, or enter a general guilty plea and allow the trial court to determine the sentence. *Id.* at 56. At the end of the meeting, counsel believed Steele was going to accept the negotiated guilty plea. *Id.* at 76.

The court denied Steele's PCRA petition. Steele filed a timely Notice of Appeal.

Steele raises the following issues on appeal:

> I. Did the PCRA court err in denying [Steele's] petition for post-conviction relief when plea counsel misinformed [Steele] of the possible maximum sentences and [Steele] relied on this misrepresentation in entering a plea of guilty?
>
> II. Did the PCRA court err in denying [Steele's] petition for post-conviction relief when plea counsel affirmatively misled [Steele] regarding the possibility of "good time" and [Steele] relied on this misrepresentation in entering a plea of guilty?

Steele's Br. at 4.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). To establish the prejudice prong where an appellant has entered a guilty plea, "the appellant must demonstrate 'it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.'" *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa.Super. 2013) (quoting *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa.Super. 2006)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

Steele first claims that his counsel failed to inform him of the proper maximum penalty for the offenses. He claims counsel only briefly met with him regarding the deal before the preliminary hearing, and he had only a half hour to decide. He notes he expressed his doubts to counsel, and his counsel responded with two letters allegedly containing inaccurate information. He claims both the letter stating Steele was a RFEL and the letter correcting that statement listed inaccurate guideline information and inaccurate maximum sentences. However, he does not state what he believes was inaccurate about

the maximum sentences or inaccurate about the guidelines listed in the second letter.

He further claims counsel did not tell him that the burglary and theft charges would merge for sentencing purposes and that the court could choose to impose sentences concurrent to, rather than consecutive to, sentences imposed on other convictions. He claims he was rushed into accepting the plea, that he expressed doubts about the guilty plea, that counsel's misrepresentations induced him to enter the guilty plea, and that he would not have pled guilty absent the misrepresentations.

The PCRA court found that the maximums for the crimes charged and the guidelines listed by counsel were not erroneous. 1925(a) Op. at 7. Although the first letter stated Steele was a RFEL, the second letter corrected the prior record score. *Id.* at 8. Further, counsel explained to Steele that the guilty plea negotiations had been based on the correct guidelines and that he could reject the deal. *Id.*

The court further addressed Steele's claim that counsel was ineffective by not informing him that the sentences could run concurrent to each other and that some convictions would merge for sentencing purposes. *Id.* at 8-9. The PCRA court noted that counsel went over the guidelines with Steel, and advised him of the maximum sentences he could receive. *Id.* at 80. It stated that "[c]onsidering that [Steele] had a prior record, was facing charges in another jurisdiction, and was facing five separate burglary charges, some of which involved firearms, trial counsel was providing effective assistance by

- 8 -

advising [Steele] of the guideline ranges applicable to him." *Id.* at 8-9. Further, it stated that "advising [Steele] that sentences can run concurrently where there is no plea agreement is akin to trial counsel asking [Steele] to roll the dice and hope for the best. Such advice is contrary to providing effective assistance of counsel." *Id.* at 9.

We agree and conclude the PCRA court findings of fact are supported by the record and it did not err in finding counsel was not ineffective.

Steele also argues his plea was unknowing because he believed he would receive "good time." Steele's Br. at 17. Based on prior incarceration in a county facility, Steele believed he would receive a "good time" credit against his sentence of five days for every month in which he behaved well. *Id.* at 17, 19. He claims that although state facilities did not award "good time," counsel told him that whether he received "good time" would be up to the Department of Corrections. *Id.*

The PCRA court did not address this claim. Steele presented evidence to support this claim at the PCRA evidentiary hearing, but did not raise it in his amended PCRA petition and did not seek an opportunity to supplement the amended petition. At the hearing, after the Commonwealth argued that he had waived the claim, the PCRA court stated that following the hearing it would "ask the parties to submit to the Court[] suggested Findings of Fact and Conclusions of Law" where the parties could address the waiver issue, but "for purposes of the record, [it was] allowing counsel leeway." N.T., 12/5/17, at 58. It does not appear that the PCRA court addressed whether this claim was

waived, and did not address the merits of the claim. Regardless of waiver, however, the claim lacks merit.

At the plea hearing, Steele's counsel stated:

> [M]y client did inquire about good time and things of that nature, and I explained to him that that is up to the [Department of Corrections] and the Parole Board, and I believe that Your Honor had explained to him that he would receive credit for time served if it is to be given to him on these cases so long as no other county is taking that time.

N.T., 9/21/2016, at 2-3. During the colloquy, Steele stated he was satisfied with his attorney and had no questions regarding the plea. *Id.* at 4, 12. At the PCRA hearing, counsel testified that she told Steele that she was "unaware of good time but he was adamant that there was good time. And I said anything that involves credit or time is up to the [Department of Corrections]. That wouldn't be up to the [c]ourt." N.T., 12/5/2017, at 60. The PCRA court credited this testimony. 1925(a) Op. at 5.

Therefore, Steele's counsel informed him that she was unaware of "good time," and Steele stated he had no additional questions at the time of the guilty plea. His claim now that he pled guilty because he believed he would be entitled to 5 days of "good time" for every month of incarceration lacks merit. Because the underlying claim lacks merit, his trial counsel ineffectiveness claim also is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/2019