J-S04015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY THOMPSON | : | |
| | : | |
| Appellant | : | No. 992 EDA 2019 |

Appeal from the PCRA Order Entered February 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001679-2015

BEFORE: BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 7, 2020**

Appellant, Gary Thompson, appeals from the post-conviction court's February 28, 2019 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant solely contends that his trial counsel acted ineffectively by not filing a direct appeal on his behalf. After careful review, we are compelled to vacate the court's order and remand for further proceedings.

In November of 2016, Appellant and three co-defendants proceeded to a non-jury trial on charges relating to the robbery of a man on a Philadelphia street in January of 2015. At the close of trial, the court convicted Appellant of aggravated assault, robbery, conspiracy, and related offenses. On February 10, 2017, he was sentenced to an aggregate term of 3½ to 7 years' incarceration, followed by 2 years' probation. He did not file any post-sentence motions, or a direct appeal.

On August 10, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed and an amended petition was filed on his behalf. Therein, Appellant claimed that he asked his trial counsel, Judge Hall, Esq., to file a post-sentence motion and a direct appeal, but Attorney Hall ineffectively failed to do so. On September 10, 2018, the PCRA court conducted an evidentiary hearing, at which Appellant and Attorney Hall both testified. According to Appellant, just after the imposition of his sentence, he told counsel that he wanted to file an appeal. *See* N.T. Hearing, 9/10/18, at 10. Appellant claimed that Attorney Hall said that he would talk to Appellant about an appeal, but Appellant never heard from Attorney Hall again. *Id.* at 10, 11. After sentencing, Appellant was moved to several different jails, and when he finally was settled at his "home facility" in July of 2017, he asked his mother to call Attorney Hall to ask about the appeal. *Id.* at 11, 12. According to Appellant, his mother could not reach counsel, so Appellant assumed that Attorney Hall had not filed the appeal on his behalf. *Id.* at 12. He then filed his PCRA petition seeking the restoration of his appeal rights *nunc pro tunc*. *Id.* at 12, 13.

Attorney Hall, however, testified that he and Appellant only spoke briefly about an appeal, and counsel had informed Appellant that he could "think of no meritorious claims." *Id.* at 18. Attorney Hall insisted that Appellant never asked him to file a post-sentence motion or an appeal, and he claimed that, had Appellant done so, he would have filed an appeal. *Id.* at 18, 21. He also

testified that he had no contact with Appellant's mother after the sentencing hearing. *Id.* at 22.

At the close of the PCRA hearing, the court took the matter under advisement. On January 31, 2019, it issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, simply stating that it was "without merit." Pa.R.Crim.P. 907 Notice, 1/31/19, at 2 (unnumbered). On February 28, 2019, the court issued an order dismissing the petition "based upon lack of merit." Order, 2/28/19, at 1 (unnumbered; unnecessary capitalization omitted).

Appellant filed a timely notice of appeal. It does not appear that the court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On June 26, 2019, the court issued a single-paragraph Rule 1925(a) opinion, simply setting forth procedural facts of Appellant's case, the issue he raised in his Rule 1925(b) statement, and a declaration that, "[t]his [c]ourt's decision should be affirmed." PCRA Court Opinion, 6/26/19, at 1 (unnumbered).

Herein, Appellant raises a single claim for our review: "Did the PCRA [c]ourt err and/or abuse its discretion when it denied [A]ppellant['s] petition under the PCRA seeking leave to file a direct appeal *nunc pro tunc* where trial counsel failed to file an appeal?" Appellant's Brief at 4.

Preliminarily, we observe that,

> "[o]n appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error."

***Commonwealth v. Edmiston****,* 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler****,* … 36 A.3d 121, 131 ([Pa.] 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz****,* 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***

***Commonwealth v. Medina***, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (*en banc*).

Additionally, we recognize:

Our standard of review when faced with a claim of ineffective assistance of counsel is well settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant.

\* \* \*

A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to prove any one of the three prongs results in the failure of petitioner's claim.

Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffectiveness *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request.

***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011).

Here, Appellant testified at the PCRA hearing that he requested counsel file a direct appeal on his behalf. Attorney Hall, on the other hand, testified

that Appellant never made that request. Thus, the PCRA court was required to make credibility determination, which it failed to do. Our Supreme Court has declared that "when a PCRA hearing is held, and the PCRA court makes findings of fact, we expect the PCRA court to make necessary credibility determinations." Commonwealth v. Johnson, 966 A.2d 523, 539–40 (Pa. 2009). "Indeed, when a PCRA court has failed to make necessary credibility determinations, we have not hesitated to remand for such findings." Commonwealth v. Spotz, 84 A.3d 294, 319 (Pa. 2014).

In this case, we conclude that we must remand for the court to make the necessary credibility determination regarding whether Appellant requested that Attorney Hall file a direct appeal. While we could presume that the court believed Attorney Hall's testimony that Appellant made no such request, we cannot be certain that the court did not reject counsel's testimony and deny Appellant's petition on some other basis. We decline to rest our decision on speculation rather than explicit findings by the PCRA court. Therefore, we vacate the court's order and remand for it to make credibility determinations on the record, and enter a new order ruling on Appellant's petition.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/07/2020