J-S51016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WENDY A. SCHULTZ | |
| Appellant | No. 563 EDA 2016 |

Appeal from the PCRA Order January 7, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000087-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 09, 2016**

Wendy A. Schultz appeals from the order, entered in the Court of Common Pleas of Monroe County, which dismissed her petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

Following a jury trial, Schultz was convicted of burglary, conspiracy, robbery, criminal trespass, and related charges based upon her role in a home invasion in Price Township, Monroe County.  Schultz was sentenced on January 24, 2013, to an aggregate term of 10 to 20 years' incarceration. Following a timely appeal, this Court affirmed Schultz' judgment of sentence

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

on February 21, 2014. *See Commonwealth v. Schultz*, 97 A.3d 809 (Pa. Super. 2014) (unpublished memorandum). The Pennsylvania Supreme Court denied Schultz's petition for allowance of appeal on July 25, 2014.

Schultz filed a timely *pro se* PCRA petition on July 16, 2015. The PCRA court appointed counsel, who filed an amended petition and represented Schultz at an evidentiary hearing on September 28, 2015.[2] After the Commonwealth and Schultz filed briefs on the matter, the court dismissed the petition on January 7, 2016. Thereafter, Schultz filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Schultz raises the following issues for our review:

1. Was trial counsel ineffective for failing to request a curative instruction following testimony from Trooper Sebastianelli that [Schultz] was given the opportunity to clear her name by taking a polygraph [test]?

2. Was trial counsel ineffective for failure to raise an alibi defense?

Brief of Appellant, at 5.

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its

---

[2] T. Axel Jones, Esquire, was initial court-appointed counsel. Attorney Jones was administratively suspended following the evidentiary hearing, and Lara M. Kash, Esquire, was appointed to represent Schultz. Attorney Kash continues to represent Schultz on appeal.

conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

To be eligible for relief under the PCRA, Schultz must prove by a preponderance of the evidence that her conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011). To demonstrate ineffectiveness, the appellant must satisfy a three-part test by showing that: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Spotz***, ***supra*** at 311.

In her first issue, Schultz asserts that trial counsel should have requested a curative instruction after Trooper Sebastianelli made a remark that Schultz could have taken a polygraph test to demonstrate her innocence. Counsel made a request for a mistrial, which was denied, but did not request a curative instruction. The testimony at issue occurred in the following exchange:

[The Commonwealth]: And was there a time in July of 2011 when you became involved with the investigation of a burglary and a robbery . . . relating to the residence of [victim]?

[Trooper Sebastianelli]: Yes, it wasn't my follow up investigation, but I ended up becoming involved when I received a call from [Schultz].

. . .

Q: And was this telephone call placed to the police barracks?

A: Yes, it came right to my desk.

Q: And did [Schultz] tell you why she was calling?

A: Yes, she said that her name was being thrown around as being involved with this robbery, the home invasion robbery at the victim's home, and she said Sebastianelli you know I didn't do this and it went on from there.

Q: What else did she tell you in the telephone call?

A: She said you know I didn't do this and the old man up there said that I didn't do it. I said Wendy I don't know what the victim had to say about this robbery. **I said, but if you're looking to clear your name out of something, you want to come in, you can take a polygraph, you can talk to the investigator.**

[Counsel for Schultz]: Objection.

N.T. Trial, 11/26/12, at 39-40 (emphasis added). After the objection to the mention of the polygraph, the following sidebar discussion was held:

[Counsel for Schultz]: Sadly I think we just had [a] mistrial.

The Court: Because?

[The Commonwealth]: I don't think so.

[Counsel for Schultz]: Because of the mention of the word polygraph. The law on that is very, very clear that it cannot be mentioned as part of testimony and if it is brought out in the Commonwealth's case in chief it is grounds for a mistrial, and there's actually no choice.

[The Commonwealth]: I think, he's true if you're talking about was she offered a polygraph, did she undergo a polygraph, what were the results.

[Counsel for Schultz]: And he just said that he offered her—

[The Commonwealth]: He's testifying as to the conversation between himself and [Schultz].

[Counsel for Schultz]: But he said he offered her to come in for a polygraph, that is a problematic phrase and [the Commonwealth] and I are in agreement that when that is used it creates—

[The Commonwealth]: No, we're not in agreement, we're in agreement if he had said yes she came in and took a polygraph, not whether, you know the standard litany of come in, talk to us, polygraph, whatever. We have no idea whether she took one or not, I don't know. Just because he used the word polygraph doesn't mean mistrial.

[Counsel for Schultz]: It doesn't matter whether she took one or not, and if we recess for 15 minutes I'll get you the cases.

The Court: **What about a curative instruction?**

[Counsel for Appellant]: My understanding was that because of the junk science that is a polygraph[,] it's considered to be sufficient to taint the proceedings so that they can't go further.

*Id.* at 41-42 (emphasis added). At no point did trial counsel respond to the court's mention of a curative instruction or ask that one be given.

Schultz argues that

the prejudicial effect of [Trooper Sebastianelli's] statement is that it leaves the jury with the reasonable assumption that had [Schultz] taken or passed a polygraph examination, she could have "cleared her name[,"] negating the necessity for the prosecution.

This inference easily could have been remedied, with a prompt curative instruction at the request of [t]rial [c]ounsel.

. . .

- 5 -

A prompt instruction would have prevented any inference that the petitioner had the opportunity to clear her name and was either unwilling or unable to do so.

Brief of Appellant, at 12-14. Indeed, where a polygraph test has been improperly referenced, a cautionary instruction can be "adequate to overcome prejudice" caused by such references. *Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa. 2013).

In *Fortenbaugh*, possible prejudice from improper references to a polygraph was remedied by a curative instruction where the references were not intentional, no indication was provided suggesting a test actually took place, and the trial court adequately instructed the jury not to draw any inferences from the mention of the test. *See id.* at 195. Similarly, in Schultz's trial, it does not appear that the Commonwealth intentionally elicited the reference to a polygraph, nor did Schultz take a polygraph. Thus, Schultz's claim that a curative instruction should have been requested and given is of arguable merit. *Spotz*, *supra*.

At the PCRA evidentiary hearing, Schultz's trial counsel testified as the reasons he did not request a curative instruction. He indicated that

[i]n my mind there were two. The first reason was I really did not want the Superior Court to have something that it could glom onto and say, [w]ell a curative instruction was given, and so any error associated with the admission of that testimony was harmless because it was corrected by the [c]ourt, because I thought that the issue of making those comments regarding a polygraph was sufficiently prejudicial that it would be a good issue to have on appeal, if an appeal was necessary.

And the second part was, quite frankly, I didn't want to call additional attention to it, and I couldn't come up with a curative instruction that addressed it. How do you say to a jury, [y]ou

- 6 -

remember hearing Trooper Sebastianelli talk about the polygraph that [Schultz] was supposed to come in for and didn't, disregard that. You can't consider that without bringing it right back into their minds.

N.T. PCRA Hearing, 9/28/15, at 12.

Trial counsel's rationale that not requesting a curative instruction would make the issue stronger for purposes of direct appeal is illogical, since the fact that counsel did not request the instruction resulted in waiver of the claim on appeal. *See Schultz*, *supra*. However, counsel's second reason, that a curative instruction would only serve to draw unwanted attention to the issue, indicates a strategic, reasonable basis for not requesting the instruction. *See Spotz*, *supra*. Additionally, we note that this Court determined that the single inadvertent reference to a polygraph did not result in prejudice to Schultz. *Schultz*, *supra*; *see also Fortenbaugh*, *supra* at 195 ("Not every mention of a polygraph is prejudicial or worthy of a mistrial."). Because counsel had a reasonable basis for not requesting a curative instruction regarding the reference to a polygraph and because Schultz did not suffer prejudice as a result, we agree with the PCRA court's assessment that counsel was not ineffective. *Spotz*, *supra*.

Schultz also asserts that trial counsel was ineffective for failing to raise an alibi defense. Schultz claims that she was misidentified and that her minor daughter, Christine, could have testified as to her whereabouts at the time of the crime.

In considering whether counsel was ineffective for failing to call a witness, including an alibi witness, a petitioner must show:

(1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

***Commonwealth v. Dennis***, 17 A.3d 297, 302 (Pa. 2011).

Instantly, trial counsel testified at the evidentiary hearing that he could not specifically remember each potential witness he interviewed. However, he testified that he spoke with

> at least one witness that we elected not to call because, when I had spoken with that witness, the witness' recollection wasn't favorable, and I don't think it was incriminating. It just wasn't helpful, but I don't remember anyone else either not appearing or that I had not spoken with.

N.T. PCRA Hearing, 9/28/15, at 7-8. Trial counsel also indicated that no evidence was brought to his attention that he did not investigate or review. ***Id.*** at 8. The PCRA court credited counsel's testimony and found that Schultz's testimony that Christine could have served as an alibi was not credible and did not satisfy the requirements outlined in ***Dennis***, ***supra***. The PCRA court's conclusions are supported in the record. ***Spotz***, ***supra***. Accordingly, we find that the court did not err in finding Schultz's alibi-witness claim to be meritless. ***Id.***

For the foregoing reasons, the PCRA court did not err in dismissing Schultz's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 8/9/2016