J-S62015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD JERMAINE GALBREATH | |
| Appellant | No. 109 MDA 2016 |

Appeal from the PCRA Order December 17, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001168-2012
CP-28-CR-0001202-2012

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:  **FILED SEPTEMBER 22, 2016**

Appellant Ronald Jermaine Galbreath appeals from the December 17, 2015 order entered in the Franklin County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 5, 2013, a jury found Appellant guilty of two counts each of delivery of a controlled substance and criminal use of a communication facility.[1]

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 7512(a), respectively.  The charges were at two docket numbers, CP-28-CR-0001202-2012 and CP-28-CR-0001168-2012.  At each docket, Appellant was convicted for one count of delivery of a controlled substance and one count of criminal use of a communication facility.

On April 24, 2013, the trial court sentenced Appellant to an aggregate term of 54 to 300 months' imprisonment. On May 7, 2013,[2] Appellant filed a *pro se* post-sentence motion alleging trial counsel was ineffective, the trial court erred, and the verdict was against the weight of the evidence.

On May 15, 2013, trial counsel filed a motion to withdraw as counsel, alleging he could no longer represent Appellant because Appellant raised an ineffectiveness claim. On May 22, 2013, the trial court granted counsel's motion to withdraw and appointed new counsel.

On June 13, 2013, Appellant's counsel filed a notice of appeal, purporting to appeal from the May 22, 2013 order. On April 15, 2014, this Court quashed the appeal, finding the trial court had not addressed the post-sentence motion, and the May 22, 2013 order was not a final, appealable order.

In an order dated May 28, 2014 and mailed to Appellant's counsel on May 29, 2014, the trial court stated that Appellant's post-sentence motion filed on May 7, 2013 would be deemed filed on May 23, 2014 and treated as a post-sentence motion *nunc pro tunc*. The order gave Appellant 20 days

---

[2] On May 6, 2016, Appellant's counsel filed a motion for extension of time to file a post-sentence motion, which the trial court granted. Ten days from April 24, 2013 was Saturday, May 4, 2016. Accordingly, Appellant had until Monday, May 6, 2016 to timely file a post-sentence motion. **See** 1 Pa.C.S. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

from receipt of the order to file an amended or supplemental post-sentence motion and the Commonwealth 40 days to file a response.

On June 19, 2014, Appellant filed a counseled amended post-sentence motion alleging the verdict was against the weight of the evidence. The Commonwealth filed an answer.

On September 19, 2014, the trial court denied the post-sentence motion. Appellant did not file a direct appeal.

On September 10, 2015, Appellant filed a counseled PCRA petition.[3] The Commonwealth filed an answer on October 16, 2015.

On December 4, 2015, the PCRA court conducted an evidentiary hearing. On December 17, 2015, the PCRA court denied the PCRA petition. On January 18, 2016, Appellant filed a timely notice of appeal.[4]

On February 9, 2016, counsel filed a motion to withdraw as counsel. Following a March 18, 2016 hearing, during which Appellant participated via telephone conference, the PCRA court found Appellant knowingly and intelligently waived his right to counsel on his PCRA appeal.[5]

_____

[3] In March of 2015, Appellant sent two letters to the trial court. Because he was represented by counsel, the letters were forwarded to counsel on October 29, 2015.

[4] Thirty days from December 17, 2015 was Saturday, January 16, 2016. Therefore, Appellant had until Monday, January 18, 2016 to timely file the notice of appeal. *See* 1 Pa.C.S. § 1908.

[5] In a March 18, 2016 order, the PCRA court states it "conducted an extensive colloquy of [Appellant] regarding his right to waive counsel and his
*(Footnote Continued Next Page)*

On April 4, 2016, Appellant filed a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On April 29, 2016, the PCRA court issued a Rule 1925(a) opinion, incorporating its December 17, 2015 opinion addressing Appellant's PCRA petition.

Appellant raises the following issues on appeal:

A. Whether trial counsel was ineffective in failing to consult on the consequences of a possible conviction which led to Appellant declining a favorable plea offer of 24 to 60 months?

B. Whether trial counsel was ineffective in failing to call the confidential informant as a witness?

C. Whether trial counsel was ineffective in failing to call Officer B as a witness?

D. Whether trial counsel was ineffective in failing to object to the use of a video and audio recording of the Appellant that was not provided until after the [p]re–[t]rial conference?

E. Whether trial counsel was ineffective in failing to properly review the recording with Appellant in consideration of the plea offer and the likelihood of success at trial?

F. Whether PCRA counsel was ineffective in failing to raise in an [a]mended [p]etition the five (5) preceding claims of trial [counsel] ineffectiveness?

_(Footnote Continued)_ ──────────────

right to proceed as a self-represented litigant." A transcript of the hearing, at which Appellant participated by telephone, is not in the certified record. The March 18, 2016 order also provides Appellant 21 days from the date of the order to file a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925.

G. Whether PCRA counsel was ineffective in failing to raise in an [a]mended [p]etition the [s]entencing claim?

Appellant's Brief at 3.

Appellant's issues allege trial counsel and PCRA counsel were ineffective.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.Super.2014) (quoting *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa.2010)). "To demonstrate prejudice, the petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *Id.* at 312 (quoting *Commonwealth v. King*, 57 A.3d 607, 613 (Pa.2012)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "The

failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

Appellant first alleges his trial counsel was ineffective for failing to consult with him regarding the consequences of declining a plea offer. Appellant's Brief at 8-11. He maintains the Commonwealth offered a plea bargain and that he and counsel did not have the opportunity to discuss the plea offer. He maintains counsel's failure to discuss the plea offer with him had no reasonable basis and prejudiced Appellant. *Id.* at 11.

The PCRA court found:

> [Appellant's attorney] testified that he is an experienced criminal defense attorney, having defended roughly twenty cases, many of which involved drug charges. He testified that it is his practice to always consult with his clients in criminal cases regarding the possible consequences of a conviction. [Counsel] further testified that he would have made [Appellant] aware of the length of the sentence [Appellant] would face should he be convicted of the crimes for which he was charged. [Appellant] testified that he declined to take the plea deal offered by the Commonwealth because [counsel] did not properly explain to [Appellant] the ramifications of being convicted of the charges by a jury versus that of taking the Commonwealth's plea offer. [Counsel's] testimony contradicts [Appellant's] account; [counsel] testified that [Appellant] was adamant in refusing any and all plea deals offered by the Commonwealth, because [Appellant] was out on parole at the time and was concerned about the consequences of pleading guilty to criminal charges while on parole. The [c]ourt finds [counsel] to be more credible on this issue. Here, [Appellant's] claim fails to meet the first prong of the ineffective assistance of counsel analysis, as his claim lacks any merit, because [counsel] followed [Appellant's] own voluntary desire to decline the Commonwealth's plea offer and defend the case at trial. Therefore, [Appellant] is not entitled to relief on this issue.

Opinion, 12/17/2015, at 3-4. The PCRA court's determination that this claim lacked merit is supported by the record and free from legal error.

Appellant's second claim maintains his trial counsel was ineffective for failing to call the confidential informant as a witness.[6] Appellant's Brief at 11-14. Appellant argues the confidential informant's testimony "would have exposed himself as incredible when questioned about the events surrounding the alleged commission of the offense." *Id.* at 12-13. He argues that the Commonwealth presented evidence to establish Appellant delivered a controlled substance. *Id.* However, "[t]he informant would have directly contradicted this since he would have testified against his interest to implicate Appellant." *Id.* at 13.

The trial court found:

> [Counsel's] basis for not calling the informant [was] not only reasonable, but also strategically prudent. [Counsel] testified that, in his opinion, little to no information helpful in [Appellant's] case would be gleaned from questioning the informant. In fact, putting the informant on the stand would only provide an opportunity for more evidence beneficial to the Commonwealth's case to be presented. [Counsel] testified that, at the time, [Appellant] was in agreement with the decision not to call the informant as a

_____

[6] A PCRA petitioner cannot prevail on a claim of trial counsel's ineffectiveness for failure to call a witness unless the petitioner shows that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa.2007).

witness. Therefore, [Appellant] is not entitled to relief on this issue.

Opinion, 12/17/2015, at 4-5. This conclusion is supported by the record and free from legal error.

Appellant's third claim contends counsel was ineffective for failing to call "Officer B" as a witness. Appellant's Brief at 14-15. He argues that the officer would have testified that no drugs were found in Appellant's home during execution of the search warrant. *Id.* at 14.

The PCRA court found that, although evidence that there was no evidence of drugs found in Appellant's home "might appear beneficial to [Appellant], it is extremely unlikely it would have changed the outcome of the trial. The fact that no drugs were found in the search of [Appellant's] home has no bearing on whether enough evidence was presented by the Commonwealth to prove that [Appellant] was involved in the drug transaction." Opinion, 12/17/2016, at 5. The PCRA court concluded that counsel's decision to not call the officer as a witness was reasonable and that Appellant did not suffer prejudice because calling the officer as a witness would not have changed the outcome of the trial. *Id.* The PCRA court's determination is supported by the record and free from legal error.

Appellant's fourth claim contends counsel was ineffective for failing to object to the use of a video and audio recording that the Commonwealth did not disclose until after the pre-trial conference. Appellant's Brief at 15-17. Appellant states that, even if counsel for the Commonwealth did not know of the video until after the pre-trial conference, he failed to inform defense

counsel immediately. *Id.* at 16. Appellant maintains that trial counsel should have objected, and the trial court could have declared a mistrial or cautioned the jury. *Id.*

The PCRA court found:

> [Counsel] testified that he received notice of the existence of the video and audio recording on January 2, 2013, through a letter from then-Assistant District Attorney Jeremiah Zook. On January 24, 2013, [counsel] wrote a letter to [Appellant] regarding the existence of this recording and [advising him] that ADA Zook would offer a plea deal in light of its existence. [Counsel] could not recollect if this was the first time he made [Appellant] aware of the recording, or if he discussed it with him before that date.
>
> [Counsel] could[ not] recall the exact date he watched the video, but he testified that it was [a] short, straightforward video that strengthened the Commonwealth's case. After viewing the film, [counsel] discussed its contents, and the implications on the case, with [Appellant]. According to [counsel], [Appellant] was still adamant in refusing to accept any plea offer from the Commonwealth. Importantly, for this claim, [counsel] testified that he had sufficient time in which to review the recording and explain its contents [to Appellant], as the trial occurred on March 5, 2013, approximately six weeks after [Appellant] was made aware of the existence of the recording. The [c]ourt finds [counsel] more credible on this issue. Therefore, [Appellant] is not entitled to relief on this issue.

Opinion, 12/17/2015, at 6. The PCRA court's findings are supported by the record and free from legal error.

Appellant also contends trial counsel was ineffective for failing to review the recording with Appellant. Appellant's Brief at 17-18. Appellant maintains that if counsel had met with him regarding the recording, he could

have "exploited it into, at best, a not guilty verdict at [trial] or at worst, a better bargaining positon with regard to the plea bargain offered by the Commonwealth." *Id.* at 17. He claims counsel failed to review the recording with Appellant and, therefore, Appellant could not weigh whether to accept a plea offer or proceed with trial. *Id.* at 18.

The PCRA court found the testimony of counsel at the PCRA hearing credible, including that Appellant was unwilling to accept any plea offered by the Commonwealth. Opinion, 12/17/2016, at 7. The court found counsel "clearly and adequately apprised [Appellant] of the fact that this recording would be extremely difficult evidence to overcome if they went to trial." *Id.* The PCRA court concluded that counsel reviewed the recording and consulted with Appellant on the recording's impact on his case and found Appellant's ineffective assistance of counsel claim lacked merit. *Id.* This conclusion is supported by the record and free from legal error.

Appellant's last two issues allege PCRA counsel was ineffective for failing to raise ineffective assistance of counsel claims[7] and for failing to

_____

[7] Appellant maintains counsel filed a no-merit letter. However, counsel raised the ineffective assistance of counsel claims in the amended PCRA petition and represented Appellant at the PCRA hearing that addressed the claims. Appellant's counsel filed a motion to withdraw following the filing of the notice of appeal, noting that during a telephone discussion, Appellant "made it clear that he wanted [counsel] to withdraw and to proceed *pro se*." Motion to Withdraw as Counsel, filed 2/9/2016.

raise an **_Alleyne_**[8] challenge.[9]  PCRA counsel ineffectiveness claims, however, cannot be raised for the first time on appeal.  **_Commonwealth v. Henkel_**, 90 A.3d 16, 20-30 (Pa.Super.2014) (_en banc_), **_appeal denied_**, 101 A.3d 785 (Pa.2014).  Therefore, we will not address the issues.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2016

---

[8] **_Alleyne v. United States_**, ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

[9] The sentencing orders state the sentences imposed for the drug violations were not mandatory minimum sentences.