J-S86023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL BRUCE WILLIAMS | |
| Appellant | No. 468 WDA 2016 |

Appeal from the Order March 2, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003349-2012

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.: **FILED FEBRUARY 27, 2017**

Michael Bruce Williams appeals from the March 2, 2016 order entered by the Erie County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The trial court previously summarized the factual history of this matter as follows:

> In the early morning hours of March 18, 2012, [Victim] consumed alcohol at a house party and left seeking money to buy crack cocaine. [Victim] walked to the Shell gas station on East 6th Street, City of Erie, and saw [Williams] standing outside. [Victim] approached [Williams], propositioned him, and asked if he had money. [Williams] replied "yeah" and she asked him to come into the alley with her.

---

[*] Former Justice specially assigned to the Superior Court.

They both entered the alley and [Victim] asked him for the money. Once she realized that [Williams] had no money, [Victim] tried to leave. [Williams] grabbed her arm, began fondling her breasts and buttocks, and attempted to remove her clothes. [Williams] hit [Victim] and she tried unsuccessfully to fight him off with her screwdriver. [Victim] attempted to dial 911 from her cell phone, but [Williams] took it and put it in his pocket.

When she attempted to leave again, [Williams] punched [Victim] in the face and slammed her to the ground. [Williams] removed [Victim's] pants and underwear. While [Victim] was lying on her stomach, [Williams] began "humping her from behind" with his penis in her vaginal and anal areas. [Victim] could feel his penis on her buttocks and the outer lips of her vaginal area. [Williams] also placed a belt around [Victim's] neck and struck her in the eye with the belt buckle.

Over the course of several hours, [Victim] repeatedly told him to stop and even told him she had AIDS. [Williams] refused to stop until approximately 7:00 a.m., when Erie Police Department Officer Pete Dregalla arrived at the scene. Dregalla entered the alley, heard [Victim] yelling for him, and saw [Williams] on top of her with his pants down. [Williams] stood up and pulled up his pants, while [Victim] was screaming. [Victim] was visibly upset and Dregalla noticed that she had a swollen, black eye and minor scrapes. He also saw clothes, a belt, screwdriver, and [Victim's] wig on the ground.

After [Williams] was arrested and transported to the police station, police recovered [Victim's] cellular phone from [Williams] during the booking process.

[Victim] was transported to the hospital and Jill Little, a sexual assault nurse examiner, performed a forensic examination. Before the internal examination, [Victim] indicated to her that there was vaginal penetration and [Williams] attempted anal penetration. Little observed that [Victim], who was visibly upset, had a swollen/bruised eye and dirt in her hair and on her body. [Victim] complained of tightness in her neck from the belt and abdominal pain where she was kicked by [Williams]. [Victim] also complained of pain around her hymen.

During the examination, Little observed an abrasion near [Victim's] clitoral hood and swelling to her hymen. [Victim] complained of pain when Little tried to insert a speculum and, therefore, she stopped the internal examination.

On September 26, 2012, Erie Police Department James Spagel took videotaped statements from [Williams] and [Victim].

On January 17, 2014, following a two-day jury trial, [Williams] was found guilty of [rape – forcible compulsion, aggravated assault, recklessly endangering another person, and possessing instruments of crime[1]]. [The trial court] subsequently ordered a sexual violent predator (SVP) assessment pursuant to Pennsylvania's version of "Megan's Law,["] the Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. § 9799.10, *et. seq.* ("SORNA"). By letter dated April 14, [2014], the Sexual Offenders Assessment Board determined that [Williams] did not meet the criteria of a sexually violent predator.

On April 28, 2014, [Williams] was sentenced to the following: 6 to 20 years' imprisonment for Count 1 (rape); 1 ½ to 5 years' imprisonment for Count 2 (aggravated assault), consecutive to Count 1; 6 to 24 months' imprisonment for Count 3 (recklessly endangering another person), concurrent to Count 1; and, 9 to 60 months' imprisonment for Count 4 (possessing instruments of a crime), concurrent to Count 1. [Williams] did not file a post-sentence motion.

Trial Court Op., 7/21/14, at 1-3 (internal citations omitted).

Williams timely appealed, and on March 11, 2015, this Court affirmed Williams' judgment of sentence. On December 2, 2015, Williams filed the instant PCRA petition. On December 7, 2015, the trial court appointed PCRA

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 2702(a)(4), 2705, and 907(a), respectively.

- 3 -

counsel. On January 6, 2016, Williams filed a counseled supplement to his PCRA petition. On February 4, 2016, the PCRA court sent notice of its intent to dismiss Williams' petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Williams did not respond to the notice. On March 2, 2016, the PCRA court dismissed Williams' petition. On April 1, 2016, Williams filed a timely notice of appeal.

Williams raises the following issue on appeal:

> Whether [Williams] was afforded ineffective assistance of counsel given the joint omissions of trial counsel and appellate counsel to assert and preserve a claim challenging the sufficiency of the evidence as to the rape conviction and the weight of the evidence as to all convictions.

Williams' Br. at 3.

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

When analyzing ineffectiveness claims, "[w]e begin . . . with the presumption that counsel [was] effective." *Commonwealth v. Spotz*, 18 A.3d 244, 259-60 (Pa. 2011). "[T]he defendant bears the burden of proving ineffectiveness." *Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009). To overcome the presumption of effectiveness, a PCRA petitioner must demonstrate that: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a

- 4 -

reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." *Id.*

Williams claims that counsel was ineffective for failing to challenge the sufficiency of the evidence as to his rape conviction and for failing to challenge the weight of the evidence as to all of his convictions. He contends that the victim "could not state whether there was penetration." Williams' Br. at 6. Thus, he argues, there was insufficient evidence to sustain his rape conviction because "there was no direct testimonial or physical evidence that penetration[,] however slight[,] had been perpetrated." *Id.*

The PCRA court found that any challenge to the sufficiency of the evidence would have been unsuccessful and, therefore, Williams suffered no prejudice. The PCRA court reasoned:

> Here, the evidence adduced at trial reflects that [Williams], without the victim's consent, "humped her from behind" with his penis in her vaginal and anal areas. During the prolonged assault, [Williams] punched the victim in the face, slammed her to the ground, and kicked her in the stomach. [Williams] also struck the victim in the eye with a belt buckle and wrapped the belt around her neck to restrain her. After the assault, the victim told the sexual assault nurse examiner that there was vaginal penetration and [Williams] attempted anal penetration. The nurse examiner observed an abrasion near the victim's clitoral hood and swelling to her hymen. Based on this evidence, any challenge to the sufficiency or weight of the

> evidence would have been unsuccessful and, therefore, [Williams] suffered no prejudice. **See**[] **Commonwealth v. Sneed**, 899 A.2d 1067, 1084 (Pa. 2006)[](holding that to demonstrate prejudice, petitioner must show there is a reasonable probability but for counsel's error or omission, the result of the proceeding would have been different).

Rule 907 Not. at 4 ("Notice of Intent to Dismiss") (internal citations omitted). We conclude that the PCRA court's determination is supported by the record and is free from legal error.

Next, Williams claims that trial and appellate counsel were ineffective for failing to assert that the verdicts were against the weight of the evidence. Because Williams has not adequately developed this claim in the argument section of his brief, we conclude that he has waived it. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").[2]

Accordingly, the PCRA court properly denied Williams' PCRA petition.

Order affirmed.

---

[2] Even if Williams had not waived this claim, it would fail. The PCRA court concluded that any challenge to the weight of the evidence would have been unsuccessful and, thus, Williams suffered no prejudice. Rule 907 Not. at 4. The PCRA court's conclusion is supported by the record and is free from legal error.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/2017