J-S16008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BRIAN KEITH PHILLIPS | |
| Appellant | No. 464 WDA 2016 |

Appeal from the PCRA Order February 23, 2016
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000422-2012

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BRIAN KEITH PHILLIPS | |
| Appellant | No. 465 WDA 2016 |

Appeal from the PCRA Order February 23, 2016
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000447-2012

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED SEPTEMBER 05, 2017**

---

[*] Retired Senior Judge assigned to the Superior Court.

Brian Kenneth Phillips appeals from the February 23, 2016 order entered in the Greene County Court of Common Pleas denying his petitions filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.[1] We affirm.

On December 3, 2013, Phillips pled guilty at dockets CP-30-CR-0000422-2012 and docket CP-30-CR-0000447-2012. At docket CP-30-CR-0000422-2012, he pled guilty to theft by unlawful taking, receiving stolen property, criminal conspiracy to commit theft, recklessly endangering another person, fleeing or attempting to elude a police officer, aggravated assault by vehicle, driving under the influence of alcohol or a controlled substance ("DUI"), and various summary offenses.[2] At docket CP-30-CR-0000447-2012, he pled guilty to DUI and various summary offenses. On February 13, 2014, the trial court sentenced Phillips to an aggregate term of 6 to 17 years' imprisonment.[3]

---

[1] On May 2, 2016, this Court *sua sponte* consolidated Phillips' appeals.

[2] 18 Pa.C.S. §§ 3921(a), 3925, 903, and 2705; 75 Pa.C.S. §§ 3733(a), 3732.1(a), and 3802(d)(1), respectively.

[3] On March 21, 2014, in response to Phillip's PCRA petition, the trial court issued an amended order clarifying that the aggregate maximum sentence was 17, not 18, years' imprisonment. On February 23, 2016, again in response to Phillips' PCRA petition, the trial court amended the sentencing order to change the classification of the offense of aggravated assault by vehicle from a second-degree felony to a third-degree felony.

- 2 -

On March 10, 2014, Phillips filed a timely *pro se* PCRA petition.[4] The PCRA court appointed counsel, who filed an amended petition. On January 12, 2016, the PCRA court held an evidentiary hearing. On February 23, 2016, the PCRA court denied the petition. Phillips filed timely notices of appeal.

Phillips raises the following issue on appeal: "Did the PCRA court err in dismissing [Phillips'] Petition where the record supported [Phillips'] claim of ineffectiveness?" Phillips' Br. at 6. Phillips maintains his trial counsel was ineffective for causing him to enter unknowing, unwilling, and unintelligent guilty pleas. He argues counsel "coerced him into entering an open plea on the eve of trial with assurances that there would be a mental health evaluation completed so the trial court would give [him] a mitigated sentence." *Id.* at 12. He also argues, based on trial counsel's testimony at the PCRA hearing, that his guilty pleas were involuntary because counsel informed Phillips that he was acting as standby counsel.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

---

[4] The PCRA petition, amended petition, and the orders and hearings addressing the petition, were filed at both dockets.

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). To establish the prejudice prong where an appellant has entered a guilty plea, "the appellant must demonstrate 'it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.'" *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa.Super. 2013) (quoting *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa.Super. 2006)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

Phillips claims he would not have pled guilty if counsel had not told him he would receive a mental health evaluation, which would have been submitted to the trial court as mitigating evidence. At the guilty plea hearing, Phillips stated that he was pleading guilty of his own free will, that he was not forced to plead guilty, and that he received no threats or

promises in exchange for his pleas. N.T., 12/3/13, at 1.[5] He further testified that he understood that the trial court had discretion over the sentence imposed. *Id.* at 15. At no point did Phillips or his counsel mention a mental health evaluation.[6] In addition, the PCRA court credited the PCRA hearing testimony of trial counsel, noting:

> [Trial counsel] testified that he has never in his career asked for a mental health evaluation prior to sentence and, consistent with that practice, did not do so in this case. Further, he did not [rec]commend one to [Phillips].

PCRA Ct. Op., 2/24/16, at 7 (unpaginated) ("PCRA Op.").

We conclude that the PCRA court did not err in rejecting Phillips' ineffective assistance of counsel claim. The record fully supports the trial court's conclusion that trial counsel did not inform Phillips that he would receive a mental health evaluation. Accordingly, this claim is without merit.

---

[5] He also signed a written guilty plea colloquy, which included the same statements.

[6] Phillips' counsel questioned Phillips about his mental health treatment, including treatment he received while at Washington Hospital. N.T., 12/3/13, at 8-9. Phillips stated he was not in treatment at the time of the plea hearing, but that he was on medication. *Id.* at 9-10. The assistant district attorney and Phillips' counsel both mentioned a pre-sentence investigation, *id.* at 3, 11, and the assistant district attorney mentioned a drug and alcohol evaluation, *id.* at 3.

In his appellate brief, Phillips also argues that his pleas were involuntary because trial counsel believed he was standby counsel for Phillips. Phillips concludes, based on trial counsel's testimony,[7] that:

> Trial counsel explained to [Phillips] that he no longer represented him as counsel, and . . . [Phillips] would be required to represent himself the next day in trial. Faced with no other option, [Phillips] entered a guilty plea.

Phillip's Br. at 16. Because Phillips raised this claim for the first time on appeal, he has waived it.[8] *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Further, even if he had not waived the claim, we would conclude that it lacks merit. Phillips did not claim in his PCRA petition, in his amended PCRA petition, or at the PCRA hearing, that he pled guilty because trial counsel told him that he was standby counsel and that Phillips would be trying the

_____

[7] At the PCRA hearing, Phillips' trial counsel testified that he was standby counsel for Phillips. N.T., 1/12/16, at 19.

[8] At the PCRA hearing, following trial counsel's testimony, Phillips' PCRA counsel noted that whether counsel was standby counsel affected the applicable standard for ineffectiveness claims. N.T.,1/12/16, at 34, 57; *see* *Commonwealth v. Blakeney*, 108 A.3d 739, 756 (Pa. 2014) (noting that "a defendant who chooses to represent himself cannot obtain post-conviction relief by raising a claim of his own ineffectiveness or that of standby counsel"). The PCRA court concluded that "[i]n reviewing the guilty plea proceeding and colloquy, we conclude that [trial counsel] (even though he clearly believed he was standby counsel) performed at a level and with a depth of inquiry which would represent effective representation by any counsel, standby or appointed." PCRA Op. at 8.

case *pro se*.[9] Further, at the guilty plea hearing, trial counsel participated in the hearing as counsel and conducted a thorough colloquy of Phillips. Although trial counsel testified at the PCRA hearing that he believed he was standby counsel at the time of the guilty plea, it is clear from the guilty plea transcript that he acted as counsel. Further, there is no evidence to support the claim, made for the first time on appeal, that Phillips pled guilty because his trial counsel told him he would be acting as standby counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2017

---

[9] On cross-examination, when asked whether his trial counsel was acting as standby counsel at the guilty plea hearing, Phillips stated: "I can't even remember. I remember when I wanted to pick a jury the judge referred to him as standby counsel." N.T., 1/12/16, at 14.