J-S50024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES FANNINGS | |
| Appellant | No. 3093 EDA 2016 |

Appeal from the PCRA Order August 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005765-2013

BEFORE: PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY MOULTON, J.: **FILED DECEMBER 14, 2017**

James Fannings appeals from the August 30, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, at docket number CP-51-CR-005765-2013 ("docket 5765-13"). We affirm.

On October 23, 2007, at docket number CP-51-CR-0806303-2006 ("docket 6303-06"), Fannings pled guilty to robbery and criminal conspiracy.[1] On December 20, 2007, the trial court sentenced Fannings to 11½ to 23 months' imprisonment followed by 8 years' probation. On October 1, 2008,

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(i) and 903(a), respectively.

Fannings filed a motion for parole, and on October 22, 2008, the trial court granted Fannings' motion.[2]

On September 6, 2013, at docket 5765-13, Fannings pled guilty to persons not to possess firearms, possessing instruments of crime, and simple assault.[3]

On March 7, 2014, as a result of his arrest and guilty plea, Fannings was found in violation of probation at docket 6303-06. The trial court re-sentenced Fannings to 3 to 6 years' imprisonment and 5 years' probation. That same day, the trial court sentenced Fannings at docket 5765-13 to 4 to 10 years' imprisonment for persons not to possess firearms, which was consecutive to the sentence imposed at docket 6303-06. The trial court further imposed the following concurrent terms of imprisonment: 2½ to five years' imprisonment for possessing instruments of crime and 1 to 2 years' imprisonment for simple assault.

Fannings filed a direct appeal at docket 6303-06, and this Court affirmed on July 17, 2015. Fannings did not file a direct appeal at docket 5765-13.

On June 15, 2015, Fannings filed a counseled PCRA petition challenging his sentence at docket 5765-13. Fannings claimed that he was granted a new

---

[2] We do not have the certified record for docket 6303-06. We ascertained the information related to this docket from the docket sheet, the PCRA opinion, and our memorandum on direct appeal.

[3] 18 Pa.C.S. §§ 6105, 907(a), and 2701(a), respectively.

trial at docket CP-51-CR-0003595-2008 ("docket 3595-08")[4] and, therefore, he is entitled to PCRA relief because the trial court used an incorrect prior record score when sentencing him at docket 5765-13. The Commonwealth filed a motion to dismiss. On February 9, 2016, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing under Pennsylvania Rule of Criminal Procedure 907. In response to the PCRA court's notice, Fannings filed an amended PCRA petition. The Commonwealth filed an answer to this response, and Fannings filed a supplement to his petition. On August 30, 2016, the PCRA court dismissed the petition as untimely. On September 28, 2016, Fannings filed a timely notice of appeal.

Fannings raises the following issue on appeal: "Did [Fannings'] direct appeal challenge both his sentencing for his pending criminal matter and his resentencing for his probation violations and was his June 15, 2015 PCRA Petition thereby timely filed with the Court of Common Pleas?" Fannings' Br. at 2.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

---

[4] The Honorable Sheila Woods-Skipper presided at docket 3595-08. The Honorable Gwendolyn Bright presided at docket 6303-06 and docket 5765-13.

We must first determine whether Fannings' PCRA petition is timely. A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The trial court sentenced Fannings on March 7, 2014, and Fannings did not file an appeal. Fannings claims he filed a direct appeal of the judgments of sentence entered at both docket 6303-06 and docket 5765-13. His notice of appeal, however, listed only docket 6303-06. Criminal Docketing Statement, No. 1064 EDA 2014, at Attachment. Further, on direct appeal, this Court addressed only the judgment of sentence at docket 6303-06. **See Commonwealth v. Fannings**, No. 1064 EDA 2014, unpublished mem. (Pa.Super. filed July 17, 2015).

Because Fannings did not file a direct appeal at docket 5765-13, his judgment of sentence became final on April 6, 2014, 30 days after imposition of the sentence. **See** Pa.R.A.P. 903 (providing that notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Fannings had one year from that date, or until April 6, 2015, to file a timely PCRA petition. His current petition, filed on June 15, 2015, is therefore facially untimely.

To overcome the time bar, Fannings was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Fannings must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Fannings claims that he qualifies for the newly-discovered facts exception and the government-interference exception because the trial court granted Fannings a new trial at docket 3595-08.[5] The docket sheet for docket 3595-08 shows that the PCRA court issued two orders granting a new trial, one on November 7, 2014 and one on August 7, 2015. Fannings' June 15, 2015 PCRA petition at docket 5765-13 stated that on November 4, 2014, the PCRA court granted relief at docket 3595-08 in the form of a new trial. PCRA Pet., 6/15/15, ¶ 5. Further, in his Rule 1925(b) statement, Fannings stated that he initially "believed Mr. Fannings had his PCRA granted on November 7, 2014." 1925(b) Stmt. ¶ 13. Although it is unclear why a second order was

_____

[5] It appears Fannings was granted a new trial at docket 3595-08 based on the conduct of Police Officers Jeffrey Walker, Thomas Liciardello, Brian Reynolds, Perry Betts, and/or Michael Spicer. Fannings does not contend that these officers were involved in the arrest or prosecution at issue at docket 5765-13.

entered on August 7, 2015, it is clear that Fannings did not file the June 15, 2015 PCRA petition within 60 days of the November 7, 2014 order granting a new trial, which is when he first learned of the new trial. Because Fannings was aware of the information on which he based his PCRA claim on November 7, 2014, he was required to seek relief from the PCRA time bar within 60 days of that date, which he did not do.

Accordingly, because Fannings failed to file a PCRA petition within 60 days of when the petition could have been filed, we conclude the PCRA court did not err in finding that Fannings failed to establish a time-bar exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2017