J-S70028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MUSTIFA RANDALL | : | |
| | : | |
| Appellant | : | No. 3059 EDA 2017 |

Appeal from the PCRA Order Entered September 7, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002222-2012

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 21, 2019**

Mustifa Randall appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the merits. Randall claims he is entitled to a new trial because he now has exculpatory evidence in the form of proposed testimony of an alibi witness whom Randall allegedly could not locate by reasonable diligence at the time of trial. The PCRA court rejected the claim; we affirm.

A jury found Randall guilty in April 2014 of attempted murder and possession of an instrument of crime in connection with a shooting, and the court sentenced him to a total of nine to 18 years in prison followed by five years of probation. The charges arose in connection with a shooting, and

Randall was tried jointly with his brother.[1] Randall filed a direct appeal, and we affirmed on February 13, 2017. *See Commonwealth v. Randall*, No. 3004 EDA 2014 (filed Feb. 13, 2017). He did not seek review in the Pennsylvania Supreme Court.

Approximately one month after we affirmed on direct appeal, on March 17, 2017, Randall, acting through trial counsel, filed the instant PCRA petition. He claimed he was entitled to relief because he allegedly had found an alibi witness, Marc Henderson, who is a family friend and was allegedly unavailable at the time of trial because he was a fugitive. The PCRA court appointed PCRA counsel and held a two-day hearing in September 2017.

At the PCRA hearing, which also served as a hearing regarding Randall's brother, co-defendant, Quir Randall's direct appeal, Henderson testified that at the time of the shooting he was with Randall and Randall's brother two blocks away from the scene. Henderson explained that he had been incarcerated in a community corrections facility halfway house, but had escaped 11 days before the day of the shooting. He claimed he met the Randall brothers to get either money or drugs to support himself while he was on the run, and during the meeting, Randall's brother gave him 125 grams of crack cocaine and $250 in cash.

According to Henderson, during the meeting, he heard several gunshots, and shortly thereafter, walked to a bus stop with Randall where they both

---

[1] *See Commonwealth v. Randall*, 3154 EDA 2017, J-S70029-18, which we are deciding today in a separate memorandum.

boarded a bus. He testified that at the time of the shooting he had known both brothers for years, having known them since childhood and having been in juvenile placement with Randall's brother. He also said that while a fugitive, he actively evaded law enforcement, did not communicate with either Randall brother, and neither brother knew his whereabouts. He said he would not have testified at Randall's trial because doing so would have resulted in his arrest.

Henderson remained a fugitive until 2015 when he was apprehended. Randall did not testify. However, his brother did take the stand and said that he got back in touch with Henderson in January 2016 when both he and Henderson were incarcerated in SCI-Somerset. He said at the time of the shooting he did not know Henderson's last name or how to contact him.

Following the hearing, the PCRA court denied relief. The judge reviewed the evidence in detail on the record and stated that she found Henderson "to be quite incredible." N.T., 9/7/17, at 121. She pointed out that Henderson claimed he waited 11 days after running away from the halfway house to meet with the Randall brothers, despite needing a means of supporting himself from the moment he escaped. *Id.* at 122. She also noted that Henderson had provided divergent accounts during his testimony of how he connected with Randall's brother, first saying he had connected through Facebook because he did not have a phone, then later claiming to have called him. *Id.* at 122-23. She also observed that Henderson's description of the interaction he had with Randall's brother during the meeting used the same unusual word – "playful" – Randall's brother had used in his testimony, suggesting collusion. *Id.* at

123. She also found the claim that Randall's brother gave Henderson 125 grams of crack, which was worth "at least $10,000," "with no promise of repayment" to be "absurd." *Id.* at 124-25.

The PCRA court rejected Randall's claim that he had newly discovered evidence meriting a new trial. The court observed that a defendant claiming an alibi witness is aware of the witness from the outset, and because Randall and Henderson were well acquainted at the time of the shooting, Randall failed to establish that he could not have obtained Henderson's testimony with reasonable diligence at trial. The court also determined that Randall could not show prejudice because Henderson's testimony lacked credibility.

Randall filed a timely appeal and raises a single issue:

> Did the PCRA Court err and/or abuse its discretion when it denied [Randall's] petition under the PCRA seeking a new trial based upon the after discovered evidence of the whereabouts of an alibi witness who could not be located by reasonable diligence at the time of [Randall's] trial as that witness had warrants for his arrest at the time of trial as the result of that witness's escape from a halfway house?

Randall's Br. at 4.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011). To the extent that the PCRA court's credibility determinations are supported by the record, they are binding on this Court. However, we apply a *de novo* standard of review to the

PCRA court's legal conclusions. *Commonwealth v. Spotz*, 47 A.3d 63, 75 (Pa. 2012).

A petitioner asserting a PCRA claim for newly discovered evidence must plead and prove "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). Such a claim entails four elements: (1) the petitioner has discovered evidence after trial and that he or she could not have obtained at or before trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) if put into evidence at a new trial, it would likely compel a different verdict. *Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004).

Randall argues that contrary to the PCRA court's conclusion, he acted with reasonable diligence in obtaining Henderson's alibi testimony because Henderson was a fugitive until 2015, and testified that he would not have testified at Randall's trial while he was on the run. Randall also notes that Randall's brother testified that he did not know Henderson's last name or how to contact him. He maintains that Henderson's proposed alibi testimony would likely compel a different result at a retrial because the only evidence at Randall's trial that identified Randall as a shooter was the testimony of an eyewitness. Randall characterizes the eyewitness testimony as resulting from "a highly stressful brief incident," and "curious" because the eyewitness fled after he heard the first shot. Randall's Br. at 36. We cannot agree.

Randall has not established that the PCRA court committed an error of law. His contention that he could not have presented Henderson's testimony at trial with reasonable diligence runs counter to the PCRA court's credibility determinations. The court pointed out that Randall would have known of the existence of any alibi witness at the time of the crime, and disbelieved all of his brother's testimony, including that he did not know Henderson's last name at the time of the crime or how to contact him. These findings are supported by the record, and they therefore bind us. **Spotz**, 47 A.3d at 75.

Randall's further argument that Henderson's testimony would have compelled a different outcome at trial is likewise meritless. The PCRA court rejected Henderson's testimony as not credible. In view of that finding, the internal inconsistencies in Henderson's testimony, and the eyewitness testimony at trial identifying Randall as one of the shooters, Randall has not shown that the PCRA court erred in denying him relief. **Id.** We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/19