J-S23018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTY L. SMITH | : | |
| | : | |
| Appellant | : | No. 73 MDA 2022 |

Appeal from the PCRA Order Entered December 21, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005216-2010

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: NOVEMBER 15, 2022**

Smith appeals from the order denying her Post Conviction Relief Act ("PCRA") petition. Smith asserts her trial counsel ("Counsel") provided ineffective assistance. We affirm.

The police charged Smith, a high-school teacher, with multiple sex crimes against a 15-year-old student in Smith's 10th-grade English class. At Smith's jury trial,[1] two other employees of the school—teacher Kimberly Walls and social worker Ruby Taylor—testified regarding the alleged relationship between Smith and the victim. Counsel did not object to their testimony but

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Smith was initially tried and convicted in 2012. This Court vacated those convictions after concluding the trial court erred by denying Smith's motion to sever the charges from those relating to another student. **See Commonwealth v. Smith**, No. 2055 MDA 2012, 2013 WL 11253420 (Pa.Super. 2013) (unpublished memorandum).

cross-examined each witness regarding her basis of knowledge and extent of her observations.

The victim also testified. Counsel cross-examined him and introduced evidence that he had previously been convicted of two *crimen falsi* crimes: burglary and theft. After the evidence was introduced, the court instructed the jury that it could consider that evidence for the purpose of deciding whether the victim's testimony had been truthful. The court gave a similar instruction prior to deliberation. Counsel did not ask the court to instruct the jury as to the definitions of theft or burglary.

The jury found Smith guilty of one count of statutory sexual assault, two counts of involuntary deviate sexual intercourse with a person less than 16 years of age, one count of unlawful contact with a minor, and one count of corruption of minors.[2] The court sentenced Smith in 2019 to an aggregate of 14 to 28 years' incarceration.[3] We affirmed the judgment of sentence. **See**

_____

[2] Respectively, 18 Pa.C.S.A. §§ 3122.1(a), 3123(a)(7), 6318(a)(1), and 6301(a)(1).

[3] The court initially sentenced Smith for these convictions in 2014, and this Court affirmed the judgment of sentence in 2015. **See Commonwealth v. Smith**, No. 1012 MDA 2014, 2015 WL 6166608 (Pa.Super. 2015) (unpublished memorandum). Smith filed a timely PCRA petition, and the PCRA court granted relief in the form of resentencing and dismissed Smith's other PCRA claims without prejudice. The court resentenced Smith in 2017. Smith appealed, and this Court remanded the matter for the trial court to determine the applicability of registration requirements. **See Commonwealth v. Smith**, No. 1315 MDA 2017, 2018 WL 4560325 (Pa.Super. 2018) (unpublished memorandum). This resulted in the 2019 sentencing.

*Commonwealth v. Smith*, No. 1268 MDA 2019, 2020 WL 5535685 (Pa.Super. 2020) (unpublished memorandum).

Smith timely filed the instant PCRA petition in 2021. The court appointed PCRA counsel, who amended the petition. Smith advanced two claims of ineffective assistance of trial counsel.[4] Smith first posited that Counsel had been ineffective for failing to object to the testimony of Walls and Taylor, arguing the testimony had been irrelevant and prejudicial. Second, Smith claimed that Counsel had been ineffective for failing to request a jury instruction explaining the elements of the crimes of the victim's *crimen falsi* convictions.

At an evidentiary hearing, Counsel testified that she had not objected to Walls' or Taylor's testimony based on relevancy because she "didn't feel that an objection would be beneficial," and that she "could accomplish the result [she] wanted to accomplish, which was basically to dilute their credibility and I could do that through cross-examination." N.T., 8/20/21, at 8-9. Counsel stated her "strategy was to just utilize cross-examination to minimize the impact of testimony." *Id* at 9. Counsel also testified she did not object because she "didn't think that what they said was necessarily harmful and in some cases could have actually been helpful to our position that there was nothing untoward between [Smith] and [the victim]." *Id.*

---

[4] Because in the first PCRA proceeding, the court dismissed Smith's non-sentencing claims – including the claims that are the subject of this appeal – without prejudice, *see* note 3, Smith permissibly re-raised the instant claims in the instant PCRA proceeding following resentencing.

Regarding the *crimen falsi* convictions, Counsel testified that she could not think of a reason why she would not have requested the court instruct the jury on the elements of burglary and theft. ***Id.*** at 7. However, Counsel testified that "most people know what theft and burglary are." ***Id.*** at 11.

The court denied the petition. Smith appealed, raising two issues:

A. Whether trial counsel was ineffective when she failed to object to the irrelevant and highly prejudicial testimony of Kimberly Walls and Ruby Taylor?

B. Whether trial counsel was ineffective when she failed to request that the court instruct the jury concerning the elements of the offenses of burglary and theft which were admitted into evidence in order to impeach the credibility of the alleged victim?

Smith's Br. at 4.

We review the denial of PCRA relief to ensure "the PCRA court's determination is supported by the evidence of record and . . . free of legal error." ***Commonwealth v. Ligon***, 206 A.3d 515, 518 (Pa.Super. 2019) (quoting ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011)).

Smith presents two claims of ineffective assistance of counsel. A PCRA petitioner bears the burden to plead and prove that counsel was ineffective. ***Id.*** at 519; 42 Pa.C.S.A. § 9543(a)(2)(ii). The petitioner must establish: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate the client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Ligon***, 206 A.3d at 519 (quoting ***Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa.Super.

- 4 -

2017)). An ineffectiveness claim will not succeed unless the petitioner proves all three prongs. *Id.* A petitioner proves counsel lacked a reasonable basis only if she proves an alternative strategy offered a substantially greater protentional for success. *Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013). Whether prejudice resulted from counsel's actions is determined in light of the overall trial strategy. *Commonwealth v. Hull*, 982 A.2d 1020, 1026 (Pa.Super. 2009).

Smith first argues the PCRA court erred in denying her claim that Counsel was ineffective for failing to object to Walls' and Taylor's testimony. Smith asserts Walls testified Smith "was too familiar with certain students and allowed [the victim] and other students to sit on the wrong side of her desk." Smith's Br. at 12-13. Smith claims Taylor "testified about certain hearsay declarations" and that the victim told her "a certain male teacher may have been jealous of his relationship with [Smith] and that he and [Smith] were friends." *Id.* at 13.

Smith argues this testimony "added nothing to the search for truth" and "was introduced solely to show that [Smith] in the most general terms wasn't acting as a proper high school teach should." *Id.* at 14. According to Smith, "this evidence had nothing to do with whether [Smith] had sex with the victim and the Commonwealth sought to have the jury draw the unfair inference that since [Smith] did not do what [Taylor] and [Walls] thought was appropriate that she must have been a sex offender." *Id.* Smith further argues that the testimony was not relevant as *res gestae* evidence, because "there was no

temporal or other connection" between the testimony and the alleged criminal acts. *Id.*

Smith further argues that Counsel had no reasonable strategic basis for failing to object to the testimony, because a successful objection would have obviated any need for cross-examination. Smith also argues Counsel's extensive cross-examination of the witnesses indicates how prejudicial the direct testimony was to Smith's defense.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. Irrelevant evidence is inadmissible. Pa.R.E. 402. Relevant evidence is admissible if its probative value is not outweighed by a danger of unfair prejudice. Pa.R.E. 403. "'Unfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." *Id.*, *Comment*.

The PCRA court concluded that the challenged testimony was relevant. The court noted "both witnesses within their duties of employment had the opportunity to observe the interactions and relationship of [Smith] and the victim" and "testified as to their observations of the interactions between the [Smith] and the victim, as well as information surrounding the investigation conducted by the school district regarding the relationship." *Id.* Order, 12/20/21, at 5-6. The court found "[t]he information they provided the jury broadened the scope as to the events occurring during the relevant time

period that directly relate to the charges in this matter" and "provided insight as to how both parties interacted publicly as the nefarious nature of their relationship was kept secret behind closed doors." *Id.* at 6. The court further found that the probative nature of the testimony was not outweighed by the danger of unfair prejudice "because both witnesses independently provided information surrounding [Smith's] behavior that had a potentially innocent explanation." *Id.* at 5.

We agree that the witnesses' testimony was relevant. Observations of public interactions between a teacher and student can be probative of whether a romantic relationship is occurring behind closed doors. The victim's own statements to Taylor about his relationship with Smith were certainly probative of the nature of their relationship. We additionally agree that this evidence was not outweighed by the potential for unfair prejudice, as vague accusations that Smith and the victim were "too familiar" or sat on the "wrong" side of the desk together is not evidence of the sort that would prevent the jury from weighing the evidence impartially. As far as the relevance of "certain hearsay declarations" to which Taylor testified, Smith has failed to explain what that testimony entailed, or why it would be inadmissible on the basis of relevance.

Even assuming an objection to Walls' and Taylor's testimony on the basis of relevance had arguable merit, Smith has failed to prove that counsel lacked a reasonable basis for allowing the testimony, or that there is a reasonable probability that the jury would not have convicted her without

hearing the testimony. The PCRA court explained that neither Walls nor Taylor testified that she observed any illegal or inappropriate behavior between Smith and the victim. Order at 8-9. Walls vaguely testified she believed that the two were too close, but admitted that Smith was tutoring the victim and that she observed them doing schoolwork together when the victim went to Smith's classroom at the end of the school day. *Id.* at 6-7. The PCRA court observed that Taylor even testified that the victim had denied meeting with Smith in the evenings. *Id.* at 9. Smith has failed to prove Counsel was ineffective for failing to object.

In her second issue, Smith argues the court erred in finding Counsel was not ineffective for failing to request the court instruct the jury on the definitions of burglary and theft, the victim's *crimen falsi* convictions. Smith argues that while the court instructed the jury that it could "consider the type of crime committed, how long ago it was committed, and how it may affect the likelihood that the witness has testified truthfully in this case," the jury could not have considered the "type of crime" without an explanation of the elements of that crime. Smith's Br. at 18-19. Smith contends that while "many jurors may understand that theft is synonymous with stealing, it does not necessarily follow that all jurors understand the elements of burglary." *Id.* at 18. Smith argues Counsel should have requested an instruction on the definition of burglary so "that the jury could understand the particular gravity of the actions for which the victim was convicted" and that the burglary conviction "was not akin to a less serious offense such as shoplifting or theft."

*Id.* at 18, 19. Smith also argues Counsel failed to testify to a reasonable strategic basis for failing to request the instruction, and that the absence of the instruction caused prejudice, as the jury's acceptance of the victim's testimony as truthful was crucial to her conviction.

Evidence of a prior conviction is admissible to attack the witness's credibility if the conviction involves a *crimen falsi* offense, *i.e.*, a crime involving dishonesty or a false statement. Pa.R.E. 609(a). Burglary and theft are *crimen falsi*. **Commonwealth v. Cole**, 227 A.3d 336, 340 (Pa.Super. 2020). A defendant is entitled to a jury instruction on the use of a *crimen falsi* conviction in assessing a witness's credibility. *Id.*

The PCRA court observed that the trial court gave the proper *crimen falsi* instruction, and held counsel was not ineffective for failing to request an additional jury instruction explaining the elements of the crimes. The court additionally concluded that an instruction on the elements of the victim's prior convictions would have been confusing for the jury, which was tasked with identifying the elements of the crimes with which Smith had been charged, not the victim. Order at 12.

We agree that Smith's claim lacks arguable merit. As the PCRA court stated, the jury received a *crimen falsi* instruction telling it the victim had been convicted of crimes involving "an element of dishonesty" and to consider that when assessing his credibility. **See** PCRA Court Op. 12/20/21, at 11 (quoting N.T. 7/18/12, at 995). That was sufficient to inform the jury of the purpose for which it could consider the convictions. Smith presented no evidence that

laypersons lack understanding of burglary and theft such that they do not understand it is indicative of deceitfulness. The only testimony on this point was Counsel's uncontradicted assertion that most laypersons are familiar with the crimes. Smith has likewise failed to prove prejudice.

In addition, we agree with the PCRA court that an instruction as to the elements may have confused the jury. This Court previously ruled that "the details pertaining to [the victim's] burglary convictions were largely immaterial to [the victim's] character trait of being stealthy" and that further explanation of the victim's burglary convictions would have created a high risk of unfair prejudice by diverting the jury's attention from the issues in the case. *See Smith*, 2015 WL 6166608 at *6. We therefore conclude that counsel cannot be found ineffective for having failed to request this instruction.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Colins notes dissent.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2022